**In re Frankie Joan MINCHEW, Debtor.**

**Bankruptcy No. 92–00181.**

United States Bankruptcy Court,
N.D. Florida,
Gainesville.

Sept. 17, 1992.

J. Michael Davis, Gainesville, FL, for plaintiff.

J. Michael Davis, trustee.

### ORDER ON TRUSTEE'S MOTION FOR DETERMINATION OF FEES AND DISGORGEMENT OF THE SAME

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

THIS MATTER is before the Court upon the trustee's Motion for Determination of Fees and Disgorgement of the Same, filed on July 21, 1992. The Court having reviewed the same with due regard for the standards mandated in *In re Bachmann*, 113 B.R. 769 (Bankr.S.D.Fla.1990), finds the sum of $60.00 to be reasonable compensation for the secretarial services rendered herein. The Court finds that the $420.00 paid by the debtor, Frankie Minchew, to the legal secretary, Nancy Woeller, was excessive. For the reasons set forth below, the Court orders Mrs. Woeller to return $240.00 to the trustee within 30 days of the date this Order. The sum to be returned is the amount paid to Mrs. Woeller by the debtor less the $120.00 filing fee

and the $60.00 to which she is entitled as a reasonable fee in this case.

## FACTS

The debtor, Frankie Joan Minchew, consulted with an attorney to provide legal services in the filing of her Chapter 7 Bankruptcy petition. Sometime after the initial consultation with the attorney and before the preparation of any of the bankruptcy forms the attorney informed the debtor that he could no longer represent her in the bankruptcy matter. Subsequently, Ms. Minchew consulted with Nancy Woeller, the attorney's legal secretary. The debtor employed Mrs. Woeller to prepare the bankruptcy petition, schedules and statement of affairs, and to otherwise assist her in the filing process of all the necessary papers to obtain Chapter 7 relief under Title 11. Ms. Minchew paid Mrs. Woeller $420.00 for her services, including the filing fee.

The Chapter 7 trustee for this case, J. Michael Davis, alleged that Mrs. Woeller performed unauthorized legal services and filed a motion for determination of reasonable fees and for the return from Mrs. Woeller of any excess over that amount.

## CONCLUSIONS OF LAW

In accordance with *Bachmann*, 113 B.R. at 772, the Court looked to Florida law, Fla. Const. of 1968 art. V, § 21 (1989), to find that a person who is not licensed as an attorney-at-law is prohibited from practicing law within the State of Florida. The definition of practicing law used by the Supreme Court of Florida in *State v. Sperry*, 140 So.2d 1186 (1978) includes giving advice and performing services that require the possession of legal skill and knowledge greater than that possessed by the average citizen.

In *Bachmann*, Chapter 13 debtors consulted a company that advertised paralegal and financial services, suggesting that it provided bankruptcy services. The consultant advised the debtors on their Chapter 13 plan and prepared the plan and necessary papers for the debtors. The court found that the consultant had engaged in the unauthorized practice of law. *Bachmann*, 113 B.R. at 774.

■ The services performed by Mrs. Woeller included more than merely selling and typing bankruptcy forms. She engaged in the unauthorized practice of law when she prepared the debtor's forms and assisted in the filing of her Chapter 7 petition.

■ The Bankruptcy Code, 11 U.S.C. § 329, governs transactions between debtors and attorneys. According to the court in *Bachmann*, transactions with attorneys, under § 329 of the Bankruptcy Code include those with attorneys who are not attorneys-at-law. Using the *Webster's New Collegiate Dictionary*, 72 (7th ed. 1965) the court defined attorney as "one who is legally appointed by another to transact business for him," and found that a lawful attorney relationship existed between the debtor and the consultant. Thus, the court allowed compensation to the consultant as § 329 of the Bankruptcy Code provides. Likewise, the relationship between Mrs. Woeller and the debtor is a lawful attorney relationship and she therefore can be compensated under § 329 of the Bankruptcy Code.

■ In *Bachmann*, the court offered guidelines for those services performed by Mrs. Woeller which are authorized. Included in the guidelines are: (1) They may type bankruptcy forms provided they only copy the written information that is furnished by the client; (2) They may not advise clients as to remedies and procedures of the Bankruptcy system; (3) They may not make inquiries or answer questions concerning the completion of bankruptcy forms or schedules, nor advise how to fill them out; (4) They may legally sell bankruptcy forms and printed material that purports to explain bankruptcy practice and procedure; (5) In no way may they engage in personal legal assistance to the debtor in conjunction with these typing/secretarial services, including the correction of errors and omissions. 113 B.R. at 774.

■ In *Bachmann*, $60.00 was determined to be a reasonable fee for the selling and typing of the bankruptcy forms by the consultant. In reaching this determination, the court made a breakdown of the time it

took the consultant to type the bankruptcy forms, the cost required to file the petition, a reasonable typing fee and a reasonable profit on the bankruptcy forms. The debtor had paid the consultant $110.00 and the consultant was required to return the $50.00 overpayment made to him for his services.

As the court did in *Bachmann,* this court has considered the time it takes to type the bankruptcy forms, the cost of the filing of the petition, a reasonable typing fee and a reasonable profit on the bankruptcy forms. These being taken into consideration, this court finds $60.00 to be a reasonable fee for the services performed by Mrs. Woeller for the debtor in this case. Any amount paid in excess of $180.00, which includes the filing fee and service fee, shall be returned.

ORDERED AND ADJUDGED that Mrs. Woeller be, and she is hereafter ordered to turn over to the Chapter 7 trustee in this case, the sum of $240.00 within 30 days of the date of this Order. This sum represents the $420.00 fee which the debtor, Ms. Minchew, was charged less the $120.00 filing fee and the $60.00 determined to be a reasonable fee in this case.

DONE AND ORDERED.