**In re Richard RISHEL, Debtor.**

**Bankruptcy No. 92–15527–BKC–AJC.**

United States Bankruptcy Court,
S.D. Florida.

Jan. 14, 1993.

Richard Rishel, pro se.

Marcia T. Dunn, Trustee, Law Offices of Dunn & Corey, Hialeah, FL.

Lynn Gelman, Asst. U.S. Trustee, Office of the United States Trustee, Miami, FL.

## ORDER DENYING MOTION TO STRIKE ORDER SETTING OSC HEARING AND DIRECTING TURNOVER TO TRUSTEE

A. JAY CRISTOL, Bankruptcy Judge.

■ THIS CAUSE came before the Court on January 5, 1993 upon the Court's December 10, 1992 Order to Show Cause Why the L.A.W. Clinic Should not be held in Contempt of Court. The Debtor appeared and testified. The panel trustee, Marcia Dunn, also appeared and argued. Daniel Schramek filed a response in *propria persona.* The L.A.W. Clinic, Inc. did not appear. In his response, Daniel E. Schramek argues that 11 U.S.C. § 329 does not apply. The Court disagrees. *See In re Bachmann,* 113 B.R. 769 (S.D.Fla.1990). The undisputed testimony of the Debtor established: (1) the L.A.W. Clinic did not give him legal advice; (2) the L.A.W. Clinic typed the petition from the information provided by the Debtor; and, (3) the L.A.W. Clinic did not make an audio record of the conversations between the Debtor and the representative of the L.A.W. Clinic as required by *In re Bachmann,* 113 B.R. at 770. Since there was not dispute as to what services were rendered, the failure to make the audio record is excused. But woe to the typing service that comes before the Court, without an audio record, accused by the Debtor of having given legal advice. Practically, it appears from the Debtor's story that, had the Debtor obtained competent legal advice, the Debtor could have saved himself hundreds, perhaps thousands, of dollars.

■ The Court finds the only services rendered by the L.A.W. Clinic were clerical in nature, consisting merely of the typing of the Debtor's petition and the L.A.W. Clinic did not give any advice. On the evidence presented, the Court finds that the time spent by the L.A.W. Clinic in receiving the data and typing the petition amounts to one and one half (1½) hours. A fair valuation of the typing service is $150.00. The L.A.W. Clinic charged $30.00

for "courier fees and copies" but gave no accounting for same. The Court file contains thirty (30) pages prepared by the L.A.W. Clinic, Inc. An original and five (5) copies of the petition are required for filing. Five (5) copies × 30 pages = 150 copies. One hundred and fifty (150) copies will be allowed at the rate approved in Administrative Order 92–7 of $ .5 per page. One hundred and fifty (150) copies × $ .15 per page = $22.50. Accordingly, it is

ORDERED that the L.A.W. Clinic shall immediately turnover to the Trustee, Marcia Dunn, at P.O. Box 4240, Hialeah, FL 33014–0240 the sum of $100.00, which amount represents the difference between what the $250.00 L.A.W. Clinic received from the Debtor prepetition and the amount to which the Court found the L.A.W. Clinic was entitled ($150.00), plus a refund of costs not established in the amount of $7.50.

DONE and ORDERED.