In re Elizabeth Ann COCHRAN, Debtor.

In re William Leo GOLDING, Debtor.

In re Anthony Edwin BRAYTON et ux., Debtors.

In re Howard B. CANNON, Jr., Debtor.

In re Daniel James CROMACK et ux., Debtors.

Bankruptcy Nos. 93–00108–6C7, 93–00207–6C7, 93–00335–6C7, 93–00455–6C7 and 93–00604–6C7.

United States Bankruptcy Court, M.D. Florida, Orlando Division.

Feb. 23, 1994.

Howard M. Weiss, Vero Beach, FL, for respondents Glenna L. Elkins d.b.a. Document Typing Service, Document Preparation, Inc. and People's Law Service, Inc.

Donald F. Walton, Atlanta, GA, Acting U.S. Trustee, Charles W. Broun, III, Asst. U.S. Trustee, and Margaret W. Hull, Atty. Advisor, Office of U.S. Trustee, Orlando, FL, for U.S. Trustee's Office.

*FINDINGS OF FACT AND CONCLU-SIONS OF LAW REGARDING REA-SONABLENESS OF COMPENSA-TION OF DOCUMENT PREPARA-TION SERVICES*

C. TIMOTHY CORCORAN, III, Bankruptcy Judge.

These Chapter 7 cases came on for a joint, consolidated evidentiary hearing on November 18, 1993, upon motions by the United States trustee to determine reasonableness of fees charged by various document preparation services utilized by the debtors for assistance in preparing each case for filing. The respondents to these motions were document preparation services known as Glenna L. Elkins d/b/a Document Typing Service; Document Preparation, Inc.; People's Law Service, Inc.; Paralegal Paperworks, Inc.; and, Phoenix Paralegal Services, Inc. Glenna L. Elkins d/b/a Document Typing Service, Document Preparation, Inc. and People's Law Service, Inc., were represented at the hearing by Howard M. Weiss, Esquire. On August 16, 1993, the court entered defaults against Paralegal Paperworks, Inc., and Phoenix Paralegal Services, Inc., for their failure to appear and defend, and these entities were neither present nor represented at this hearing.

Pursuant to F.R.B.P. 9014 and 7052 and F.R.Civ.P. 52, the court makes the following findings of fact and conclusions of law:

1. The court has jurisdiction of the parties and the subject matter pursuant to the provisions of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, 28 U.S.C. § 1334, 28 U.S.C. § 157(a), and the standing order of reference entered by the district court. This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2. Section 329 of the Bankruptcy Code, 11 U.S.C. § 329, empowers the court to review for reasonableness the compensation paid by debtors to attorneys for representing debtors in bankruptcy cases and for services rendered in connection with bankruptcy cases. If compensation exceeds the reasonable value of the services, the court may, among other things, order the return of any excessive amounts to the estate or to the

debtor. F.R.B.P. 2017 provides the procedural mechanism for the court to review the reasonableness of compensation under Section 329. The filing of a motion under F.R.B.P. 2017 creates a contested matter within the meaning of F.R.B.P. 9014.

■ 3. Although Section 329 refers to reviewing the compensation of "attorneys," this section allows the court to perform the same review of compensation for reasonableness when the persons providing the services to debtors are not attorneys-at-law but are instead non-licensed attorneys operating as document preparation services, typing services, or paralegal services. *In re Bachmann,* 113 B.R. 769, 774–75 (Bankr.S.D.Fla.1990). *See also, e.g., In re Rishel,* 149 B.R. 720, 720 (Bankr.S.D.Fla.1993); *In re Minchew,* 150 B.R. 275, 276 (Bankr.N.D.Fla.1992); *In re McCarthy,* 149 B.R. 162, 167 (Bankr.S.D.Cal. 1992); *Coley v. Farmer (In re Hutchinson),* Case No. 90–41382, Adv. No. 90–4175 (Bankr. S.D.Ga. filed March 18, 1991); *In re Webster,* 120 B.R. 111, 114 (Bankr.E.D.Wisc.1990). On these motions of the United States trustee, therefore, the court is required to review for reasonableness the compensation paid by these debtors to the document preparation services that prepared the petitions, schedules, and statements filed by the debtors in connection with initiating these bankruptcy cases.

4. Documentary evidence introduced by the United States trustee at the hearing established that the fees charged by the respondents in each of the respective cases is as follows:

| Debtor | Service | Fee |
|---|---|---|
| Cochran | Glenna L. Elkins d/b/a Document Typing Service | $420 |
| Golding | Document Preparation, Inc. | $375 |
| Brayton | People's Law Service, Inc. | $350 |
| Cannon | Paralegal Paperworks, Inc. | $250 |
| Cromack | Phoenix Paralegal Services, Inc. | $300 |

5. Documentary evidence introduced by the United States trustee also established that the respondents advertised their services, through the use of "yellow page" directories or business cards, using the words "law," "legal," "paralegal," or "legal clinics."

6. Additional documentary evidence introduced by the United States trustee in the *Golding* and *Brayton* cases established that the respondents in those cases were engaged in the practice of law or in advising their customers as to how to prepare the Chapter 7 petition, schedules, and statement of affairs.

7. The respondents did not produce any documentary evidence for the court's consideration.

8. Appearing pursuant to subpoena served upon her by the United States trustee, Elizabeth Ann Cochran, one of the debtors, testified regarding her experience with Document Typing Service and People's Law Service, Inc. She testified that she had contacted People's Law Service, Inc., regarding the filing of a Chapter 7 bankruptcy case and believed all her subsequent dealings were with that company despite the fact the local form "Statement of Assistance" filed in her case indicated that it was Document Typing Service that assisted her in the preparation of her Chapter 7 petition, schedules, and statement of affairs. Ms. Cochran testified that she was initially attracted to People's Law Service, Inc., by a sign on its building that advertised bankruptcy cases for as low as $88. She testified that she paid a total of $420 in fees for the preparation of her Chapter 7 case and that she spent only between one-half hour to one hour, either in person or over the telephone, with employees of People's Law Service, Inc., in connection with her case. She also testified that Earl Elkins of People's Law Service, Inc., advised her that, after she had made an initial payment of $100 to People's Law Service, Inc., she could advise her creditors that she had already filed bankruptcy and would not have to fear losing her car through repossession for at least six months. Ms. Cochran testified that, after paying the $100 initial installment, she advised Barnett Bank, which held a security interest in her car, of this and that the bank immediately repossessed her car. Ms. Cochran gave further testimony that employees of People's Law Service, Inc., advised her to make changes to her schedules or supplied information on the schedules filed with the court without her knowledge. This occurred with respect to Schedule B—Personal Property, Schedule C—Property Claimed as Exempt, Schedule F—Unsecured Creditors

Holding Nonpriority Claims, and Schedule J—Expenses of Individual Debtor.

9. The respondents did not offer any testimony. Nothing in the record contradicts the testimony of Ms. Cochran, and the court credits her testimony.

10. The court heard the testimony of the United States trustee's expert witness, Jerry Brewer, Esquire. Mr. Brewer was accepted by the court as an expert in the area of fees charged and services available in the Central Florida area from both bankruptcy attorneys and document preparation services. Mr. Brewer testified that attorneys, who provide legal advice on bankruptcy law, assist in the preparation of the Chapter 7 bankruptcy petition, schedules, and statement of affairs, attend the Section 341 meeting of creditors with their client, and attend hearings in court if scheduled, are available in the Central Florida area for as low a fee as $350 to $400 in Chapter 7 cases. In addition, Mr. Brewer testified that, based upon his experience and knowledge of attorneys who utilize typing services for preparation of a Chapter 7 petition, schedules, and statement of affairs, $50 is a reasonable fee to pay for such typing services. Mr. Brewer further testified that it costs his law firm $50, including secretarial time and a reasonable allocation for overhead expenses, for the preparation of a Chapter 7 petition, schedules, and statement of affairs.

11. The respondents did not offer any expert or other testimony. Nothing in the record contradicts the testimony of Mr. Brewer, and the court credits his testimony.

12. Based upon the evidence submitted, the court finds that a reasonable fee to be charged by a non-lawyer in the Central Florida area for the preparation of a Chapter 7 petition, schedules, and statement of affairs is $50. The court recognizes, however, that, if a non-lawyer must retype these papers, due to no fault or mistake of its own but instead due to additions or changes made by the debtor, an additional fee of up to $50 may reasonably be charged for such revisions.

13. In each of the cases before the court, no evidence was offered as to revisions or that would otherwise allow a fee greater than $50. The court therefore finds that a reasonable fee to be charged by each of the respondents in these cases is not more than $50.

14. The file in each of these cases further reveals that the excessive amounts paid to each of the respondents would have been property of the respective estates had the excessive amounts not been paid to the respondents. The court will therefore direct each respondent to disgorge the difference between the fees charged and the $50 reasonable fee by paying such difference directly either to the Chapter 7 trustee or to the debtor, if notified to do so by the Chapter 7 trustee. The purpose of permitting the Chapter 7 trustee to determine whether the excessive amount is returned to the estate or to the debtor, of course, is to permit the trustee to exercise his or her discretion to abandon the excessive amount to the debtor if it is burdensome or of inconsequential value and benefit to the estate when viewed in the context of other assets of the estate, if any. *See* 11 U.S.C. § 554.

15. The court will also order each respondent to pay the excessive amount within 30 days after receiving notification from the Chapter 7 trustee as to the directions for payment of such amount. The Chapter 7 trustee shall provide a copy of this notification to the United States trustee. The respective respondents shall provide proof of payment, as directed, to the Chapter 7 trustee and to the United States trustee. The respective amounts to be disgorged in accordance with this procedure are as follows:

a. *In re Elizabeth Ann Cochran,* Case No. 93–00108–6C7. Glenna L., Elkins d/b/a Document Typing Service shall disgorge the amount of $370.

b. *In re William Leo Golding,* Case No. 93–00207–6C7. Document Preparation, Inc., shall disgorge the amount of $325.

c. *In re Anthony Edwin and Melissa Nan Brayton,* Case No. 93–00335–6C7. People's Law Service, Inc., shall disgorge the amount of $300.

d. *In re Howard B. Cannon, Jr.,* Case No. 93–00455–6C7. Paralegal Paperworks, Inc., shall disgorge the amount of $200.

e. *In re Daniel James and Deidre Marie Cromack*, Case No. 93–00604–6C7. Phoenix Paralegal Services, Inc., shall disgorge the amount of $250.

■ 16. At the hearing, the United States trustee orally requested injunctive relief against the respondents prohibiting the unauthorized practice of law or the use of "legal" related words or phrases in advertising. This oral request must be denied. Injunctive relief can only be sought by an adversary complaint pursuant to F.R.B.P. 7001(7). No such adversary complaint was filed in these cases, nor were the respondents put on any other notice that such relief would be requested.

17. The United States trustee also orally requested at the hearing that the court amend its local form "Statement of Assistance Received in Connection with Filing of this Case" that the court requires *pro se* debtors to file with their petitions, schedules, and statements. This form simply requires that *pro se* debtors disclose whether they received assistance in preparing their cases for filing, and, if so, by whom and for what compensation. The court has long required this local form to be completed by *pro se* debtors in recognition of the fact that non-lawyer document preparation services, typing services, and paralegal services fail to file the disclosure of compensation statements required by F.R.B.P. The United States trustee requested that the court amend this local form to add a statement in the form that the court has entered an order determining that a reasonable fee to be charged by a non-lawyer providing assistance in preparing a bankruptcy case is $50. The obvious purpose of this request is to provide a policing or self-enforcing mechanism so that *pro se* debtors do not pay more than this amount. The United States trustee's proposed amended form is annexed to these findings and conclusions as Schedule One. Although the United States trustee's request has appeal, the undersigned judge is no longer the resident judge in the Orlando division of the court. (This change occurred after the hearing in these cases.) As a consequence, it would be inappropriate for this judge to order the change in the local form the United States trustee requests. The United States trustee should instead take up this administrative matter with the resident judges in the division.

18. In accordance with F.R.B.P. 9014 and 9021 and F.R.Civ.P. 58, the court is contemporaneously entering a separate final order in each of these cases based upon this decision.

DONE AND ORDERED.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re                          )
                               )
                               )   .  Case No.
                               )
          Debtor(s).           )
_____)

STATEMENT OF ASSISTANCE RECEIVED IN
CONNECTION WITH THE FILING OF THIS CASE

_____        I (we) did not receive any assistance in
              preparing this case for filing.

____          I (we) did receive assistance in preparing this
              case for filing.

1.   The person or firm that assisted is:

     Name: _____

     Address: _____

     _____

     Telephone: _____

2.   I (we) paid the sum of $ _____

3.   I (we) still owe the sum of $ _____

4.   I (we) agreed to turn' over or give a security
     interest in the following property:

     _____

     _____

(*** THIS FORM CONSISTS OF TWO PAGES.  THE SECOND PAGE MUST BE
COMPLETED AND SIGNED FOR THE FILING OF A BANKRUPTCY CASE TO BE
COMPLETE.***)

                              -1-

                    Schedule One to·
        Findings of Fact and Conclusions of Law Regarding
   Reasonableness of Compensation of Document Preparation Services

**\*\*\* NOTICE TO ALL DEBTORS \*\*\***

This Court has entered an Order that determined that a reasonable fee to be charged by a non-lawyer providing assistance in preparing a bankruptcy case for filing is $50.00. If the non-lawyer in required to make changes to the paperwork to be filed through no fault of its own, an additional, reasonable fee can be charged. However, in no event may the fees charged by a non-lawyer exceed $100.00. See, <u>In re: Elizabeth Ann Cochran, et.al.</u>, Case No. 93-00108-6C7 (Bankr. M.D. Fla. _____, 1993).

**\*\*\*\*\*\*\*\*\*\***

I (we), _____, the debtor(s), do hereby declare under penalty of perjury that the statements made above are true and correct and that we have read and understand the Notice to Debtors included above.

Signed, this ___ day of _____, 199__, at _____, Florida.

_____

Telephone Number                    Debtor(s)