**KENTUCKY STATE BAR ASSOCIATION, Complainant,**

v.

**G. L. HOLLAND, Respondent.**

Court of Appeals of Kentucky.

Feb. 17, 1967.

Charles Cassis, Frankfort, for complainant.

Lawrence S. Grauman, Edwin I. Baer, Louisville, for respondent.

WILLIAMS, Chief Justice.

The Complainant Kentucky State Bar Association has heretofore obtained a Rule against the Respondent to show cause why he should not be punished for contempt for the unauthorized practice of law.

The Respondent is not a licensed attorney and has been charged with preparing wills for certain individuals in violation of RCA 3.020. In response to the Rule, which is the second issued against this individual in the past six months, Respondent admits the charges.

Pursuant to RCA 3.530, the matter was referred to Special Commissioner Henry Meigs for a report and recommendations. The Commissioner has found, under the pleadings and admissions, that the acts complained of constitute the practice of law as specifically enjoined in Frazee v. Citizens Fidelity Bank & Trust Co., Ky., 393 S.W.2d 778 (1965). He has recommended that the Respondent be found guilty of the unauthorized practice of law; fined twenty-five dollars and costs; and permanently enjoined from engaging in the practice of law.

Although many able laymen may, through industry and intelligence, obtain some competence in the performance of some legal services, uncontrolled and unsupervised engagement in a forum of the law cannot but place the rights of the public in jeopardy. The proper administration of justice can be hindered by the unwarranted intrusion of an unauthorized and unskilled person into the practice of law. The courts require high character and integrity in those seeking to study the law. A rigorous course of study and an exhaustive examination must be completed before a person may be admitted to the practice. And supervision of a licensed attorney as an officer of the court is maintained for the protection of the public. This practice is so essential for the protection of the public, and so vital for the orderly administration of justice, that this court, as an agent of the people, has been vested with ample powers to vindicate its authority in this respect.

Accordingly, the Special Commissioner's finding that the acts admitted by the Respondent and his employees constituted the unauthorized practice of law, and his recommendation that the Respond-

ent be fined $25.00 and costs and permanently enjoined from engaging in the practice of law is approved.

It is so ordered.

All concur.