**In re Dianna Lynn LYVERS, Kimberly Hastings, James R. Reynolds, Charles Ray & Tina M. Blakeman, Debtors.**

Bankruptcy Nos. 94–33017(3)7, 94–33018(3)7, 94–33199(3)7 and 94–33621(3)7.

United States Bankruptcy Court, W.D. Kentucky.

March 17, 1995.

838

Cathy S. Pike, Trustee, Louisville, KY (Blakeman case).

Scott Goldberg, Asst. U.S. Trustee, Louisville, KY (Blakeman case).

David P. Chinn, Louisville, KY, for debtor (Lyvers case).

Kyle A. Cooper, Trustee, Louisville, KY, (Lyvers case).

Joseph Golden, Asst. U.S. Trustee, Louisville, KY (Lyvers, Hastings and Reynolds cases).

William W. Lawrence, Trustee, Louisville, KY (Hastings case).

John R. Wilson, Trustee, Louisville, KY (Reynolds case).

## MEMORANDUM

DAVID T. STOSBERG, Bankruptcy Judge.

The Court is faced today with a most disturbing issue—whether to enjoin R.L. McCubbins (hereinafter referred to as "McCubbins"), a bankruptcy petition preparer, from filing papers in this Court. McCubbins has prepared bankruptcy petitions for debtors in various cases in this District. However, the Court elects to focus on four pending cases: *Hastings* (case no. 94–33018); *Lyvers* (case no. 94–33017); *Reynolds* (case no. 94–33199); and *Blakeman* (case no. 94–33621). In each of these bankruptcy cases, McCubbins has prepared the petition for the debtors, who have filed their bankruptcies *pro se.*

The Court's grave concern with this matter is interference with the proper administration of the debtor's case. Every honest, but unfortunate, debtor is entitled to a fresh start via a discharge, without improper interference with the administration of the bankruptcy case. This sacred process has gone awry in the above cases and others prepared by McCubbins.

McCubbins holds himself out as a "typist" of bankruptcy petitions. However, McCubbins' conduct surpasses that of a mere typist and includes activities such as preparing and filing pleadings on behalf of debtors. The Court is most disturbed by McCubbins' signing and filing a Motion to Dismiss in the *Reynolds* bankruptcy case. (*See* Motion attached hereto as Exhibit "A"). The Court conducted a hearing on this Motion on January 30, 1995. Mr. Reynolds appeared and clearly indicated that he did not want his bankruptcy case dismissed because he desperately needed a discharge. (*See* Transcript of Hearing dated January 30, 1995, p. 3–5). Mr. Reynolds stated that he could not afford for his creditors to garnish his wages as they had done prior to the filing of his petition. *Id.* Based on Mr. Reynolds' statements, we will enter an Order procedurally overruling McCubbins' Motion to Dismiss the *Reynolds* case.

In the *Hastings* case, the debtor sought to pay her filing fee in installments. The Court entered its form Order allowing her to pay

the filing fee in three installments. That Order further provided that **"this case shall be dismissed without further notice for failure to comply with this order. No motion to reinstate will be considered."** (*See* Order entered October 18, 1994, attached hereto as Exhibit "B"). Ms. Hastings failed to pay the second installment and on December 29, 1994, the Court entered an Order dismissing the case. (*See* Exhibit "C"). Despite the clear language in the Order entered October 18, 1994, McCubbins prepared a Motion to Reinstate Ms. Hastings' case. (*See* Exhibit "D"). At a hearing in the *Hastings* matter held on January 30, 1995, Ms. Hastings testified that McCubbins charged her $40 to prepare the Motion to Reinstate. (*See* Transcript of Hearing dated January 30, 1995 at p. 4). Ms. Hastings clearly relied on McCubbins in filing her petition and the erroneously filed Motion to Reinstate.

In the *Blakeman* case, the U.S. Trustee filed a Motion For Turnover of Excess Funds Pursuant to 11 U.S.C. § 110(h)(2). McCubbins had charged the Blakeman's $195 to prepare their petition. The Court held an evidentiary hearing on this Motion on January 30, 1995, and McCubbins appeared *pro se.* The Court gave McCubbins every opportunity to defend himself and to put on evidence as to the reasonableness of the fee. McCubbins testified regarding the services he provides to his customers. He stated that he provides them with a questionnaire, and makes available to them the Local Bankruptcy Rules and a book written by Steven Elias, entitled "How To File Bankruptcy" published by Nola Press. He further testified that if they had questions, he would refer them to the book. Upon their completion of the questionnaire, McCubbins said he would type their answers onto the bankruptcy petition forms. (*See* Transcript of Hearing 1/30/95 at p. 30–33). As to the Blakeman's in particular, McCubbins testified that it was a time-consuming case because Ms. Blakeman brought her five (5) children with her and had to come back on several occasions after gathering information. (Transcript at p. 37–38). McCubbins testified that when she came in, "there'd be a lengthy session at that point." (Transcript at p. 38). The Court questions what they discussed at these "lengthy sessions" and what advice McCubbins offered to Ms. Blakeman.

At the outset, we question the credibility of McCubbins' testimony that he simply provides a book and rules for his customers to read, from which they fill out a questionnaire for his typing of the forms. There are sections of a bankruptcy petition that necessarily involve the knowledge of an attorney in order to be accurately completed. For example, on Schedule C the debtor must list all exemptions he or she intends to claim and the statute allowing the exemption. We have little doubt that the debtors in the four matters at hand failed to possess the requisite knowledge to fill out a petition.

At the hearing on the *Blakeman* matter, the Court asked McCubbins whether he advised the Blakemans on how to fill out their schedules. McCubbins stated as follows: "Your Honor, before I answer that question may I ask if I would be immune to any prosecution for any unauthorized practice of law if I answer that?" (Transcript at p. 47–48). The Court advised McCubbins that the Bankruptcy Court was not able to grant him immunity. The Court questioned McCubbins regarding his answers to customers who had questions about exemptions. McCubbins stated that he gave them a list of the exemptions out of the "How To File Bankruptcy" book and they chose their own exemptions. (*See* Transcript of Hearing dated January 30, 1995 at p. 50–51). The Court is unable to reconcile McCubbins' testimony with the record in this case and information received by this Court from debtors.

In the *Lyvers* case, the Debtor filed several Reaffirmation Agreements *pro se.* The Court set a hearing on the agreements and upon reviewing the file, found the Debtor had listed income of approximately $900 per month and expenses of $1,700. In addition, the Debtor listed no jewelry, no pictures and clothes worth $100. Given the Court's concern over the *Lyvers'* petition, the Court ordered Ms. Lyvers to amend her schedules to properly list all of her assets. The Court asked Ms. Lyvers how she figured out what to claim as an exemption. Ms. Lyvers answered that McCubbins "told me to write

down everything that I've got." (*See* Transcript of Hearing dated December 12, 1994 at p. 6). She also stated that she did not know the meaning of KRS 427.010, an exemption statute. (Transcript at p. 5). Given Ms. Lyvers' answers to the Court's questions, we have little doubt that McCubbins advised Ms. Lyvers regarding her exemptions. After providing McCubbins an opportunity to show cause (which he failed to do), the Court ultimately ordered McCubbins to refund to Ms. Lyvers the $95 which he charged her to improperly prepare her petition, mistakes which could have cost Ms. Lyvers her discharge.

In *Reynolds, Hastings* and *Blakeman,* the Court afforded McCubbins another opportunity to appear and show cause why he should not be permanently enjoined from acting as a bankruptcy petition preparer and from engaging in the unauthorized practice of law. On February 21, 1995, McCubbins appeared, *pro se,* but offered no proof or other "cause" for the Court to refrain from enjoining him from filing any more papers in this Court.

### *LEGAL ANALYSIS*

### 1. The Unauthorized Practice of Law

 State law is to be considered in determining whether the unauthorized practice of law has occurred. Kentucky Supreme Court Rule 3.020 defines the "practice of law" and states in pertinent part as follows:

> The practice of law is any service rendered involving legal knowledge or legal advice, whether of representation, counsel or advocacy in or out of court, rendered in respect to the rights, duties, obligations, liabilities, or business relations of one requiring the services. But nothing herein shall prevent any natural person not holding himself out as a practicing attorney from drawing any instrument to which he is a party without consideration unto himself therefor.

A person is guilty of the unlawful practice of law when, without a license issued by the Supreme Court of Kentucky, he or she engages in the practice of law, as defined in SCR 3.020.

 An acquired right to practice law vests the holder with a "property right" which he or she may protect against an intruder into the profession who has not likewise acquired such a similar right. *Hobson v. Kentucky Trust Co. of Louisville,* 303 Ky. 493, 197 S.W.2d 454 (1946). The practice of law is not to be limited to "the conduct of cases or litigation in court." The practice of law shall also embrace "all advice to clients ... the preparation and drafting of all kinds of legal instruments, where the work involves the determination by a trained legal mind of the legal effect of facts and conditions." *Id.* 197 S.W.2d at 460.

The unsupervised engagement in the practice of law places the rights of the public in jeopardy. *Kentucky State Bar Assoc. v. Holland,* 411 S.W.2d 674, 675 (Ky.1967). The Court in *Holland* noted that reliance on unskilled laymen for advice may gravely effect one's legal rights and responsibilities. *Id.* Unauthorized persons performing legal activities hinder the proper administration of justice. *Id.* As one court properly concluded, public interest dictates that the judiciary protect the public from the incompetent, the untrained, and the unscrupulous in the practice of law. *Frazee v. Citizens Fidelity Bank & Trust Co.,* 393 S.W.2d 778 (Ky.1965); *See, e.g., Kentucky State Bar Assoc. v. Kelly,* 421 S.W.2d 829 (Ky.1967) (court enjoined respondent from engaging in the unauthorized practice of law).

In each of these cases, the rationale for the finding of unauthorized practice of law was the interest of protecting the public from such unauthorized activities by unskilled and untrained individuals.

### 2. Typing Services and the Unauthorized Practice of Law

The issue of whether certain functions performed by typing services constitute the unauthorized practice of law has been presented to and answered by bankruptcy courts on numerous occasions. The remedy of injunction to prevent unlicensed persons from practicing law is universally recognized by the courts. *See, In re Calzadilla,* 151 B.R. 622 (Bankr.S.D.Fla.1993) (where the court issued an injunction prohibiting preparers from en-

gaging in the unauthorized practice of law and ordered them to disgorge part of their fee).

In the case of *In re Bachmann,* 113 B.R. 769 (Bankr.S.D.Fla.1990), Capital Business Services, Inc. provided certain services to individuals who desired to file voluntary petitions for bankruptcy. Mr. Meyer, d/b/a Capital, did more than merely sell and type such forms. He not only selected the bankruptcy chapter for the debtors, but also prepared the debtors' petition. Mr. Meyer was giving advice which required the use of legal judgment requiring legal knowledge, training, skill, and ability beyond that possessed by the average lay person. The Court, in looking to state law, held that Mr. Meyer's activities constituted the unauthorized practice of law. *Id.* The Court also established guidelines for determining what services may be provided by typing services to possible debtors. They are as follows:

1. Typing services may only copy the written information furnished by the clients.

2. They may not advise clients as to the various remedies and procedures available.

3. They may not make inquiries nor answer questions as to the completion of certain forms nor advise how to best fill out forms or complete schedules.

4. They may sell forms and any printed material purporting to explain bankruptcy practice and procedure to the public.

5. They may not engage in personal legal assistance in conjunction with typing activities, including correcting errors and omissions. *Id.* at 774.

The *Bachmann* Court's primary concern was the protection of the public. The Court acknowledged the fact that any limitation on the free practice of law necessarily affects important constitutional rights. A decision to enjoin the activities of any such business affects one's constitutional right to pursue a lawful business and one's First Amendment right to speak and print what one chooses. However, the Court balanced Mr. Meyer's constitutional rights against the public policy of protecting individuals from being advised in legal matters by unqualified persons, and chose to weigh the latter more heavily. *Id.* at 773. The *Bachmann* Court stated:

> the Court must balance [the preparer's] rights against the public policy of protecting the public from being advised and represented in legal matters by unqualified persons over whom the judicial department can exercise little, if any, control in the matter of infractions of the Code of conduct which, in the public interest, lawyers are bound to observe.

*Id.* at 773.

In the case of *In re Harris,* 152 B.R. 440 (Bankr.W.D.Pa.1993), Mr. Kasuba provided a typing service where he prepared various documents for his customers. In determining whether Mr. Kasuba's services constituted the practice of law, the Court focused upon whether performance of the services required "the exercise of legal judgment." *Id.* The Court distinguished the mere transcription of written information provided by clients from making inquiries and answering questions regarding the completion of bankruptcy forms. The Court held that the preparer may not give advice to clients as to how such forms should be filled out and issued an injunction prohibiting the preparer from preparing petitions and schedules. *Id.* at 445; *See also, In re Herren,* 138 B.R. 989 (Bankr.D.Wyo.1992) (where the court found the preparer had engaged in the unauthorized practice of law and required the return of the entire fee to the debtor).

**3. The Bankruptcy Reform Act, 11 U.S.C. § 110 (1994), and Local Rule No. 3(a)(3)**

The Bankruptcy Reform Act, passed by Congress in October of 1994, contains a new Bankruptcy Code section, 11 U.S.C. § 110, dealing with the various problems associated with bankruptcy petition preparers. Section 110 applies to all cases filed after October 22, 1994, and provides that bankruptcy petition preparers are not authorized to execute documents on behalf of a debtor. Section 110 also provides that preparers are not permitted to receive payment from the debtors for court fees and within ten (10) days after a petition is filed, must file a declaration, under

penalty of perjury, disclosing any fee received or charged to the debtor. The Court is authorized to disallow and order the immediate turnover of any fee which the Court finds is in excess of the value of the services for the documents prepared. The debtor may exempt any such funds so recovered. A violation of any of these provisions gives the Court the authority to fine the debtor up to $500. Additionally, 11 U.S.C. § 110 authorizes an action for damages arising from negligence and for injunctive relief. If the preparer is found liable for damages or is enjoined, the preparer shall be required to pay the debtor, trustee or creditor reasonable attorney fees and costs. Further, the preparer is now required to set forth his name, address and social security number on the petition and is required to sign the petition and furnish a copy to the debtor.

The Local Rules in this District also preclude the unauthorized practice of law. *See* L.R. 3(a)(3). Local Rule 3 provides:

> The "practice of law" includes, but is not limited to, preparing and filing papers, such as complaints, petitions, applications and motions, questioning witnesses in proceedings before the Bankruptcy Judge and pursuing or defending any action of any nature in this court.

### 4. McCubbins' Unauthorized Practice of Law

■ McCubbins has continually engaged in conduct that interferes with the proper administration of the bankruptcy case, and conduct which constitutes the unauthorized practice of law. McCubbins filed a motion to dismiss in the very case in which he "helped" prepare the petition. *See Reynolds,* discussed *supra.* He also prepared and filed a motion to reinstate a case, charging the debtor, Ms. Hastings, an extra $40, in contradiction of the Order entered by this Court regarding the payment of filing fee in installments and resulting in the dismissal of the case. In *Lyvers,* McCubbins' preparation of the petition nearly cost the debtor her discharge, the schedules having been improperly completed. Due to McCubbins' interference with the administration of the *Blakeman* case, the Debtors, now represented by counsel, are seeking a voluntary dismissal of their case.

We accord little if any weight to McCubbins' testimony regarding the way in which he deals with his customers. We harbor no doubt that McCubbins has answered questions regarding the filling out of petitions and advised debtors regarding exemptions. The performance of such services requires the exercise of legal judgment. *See Harris, supra.* In balancing McCubbins' constitutional rights against the public interest and, particularly, the protection of the rights of debtors in this Court, we unequivocally choose to protect the public from this chaos.

The pleadings filed by McCubbins constitute the unauthorized practice of law and fly in the face of the purpose of Chapter 7—discharge of scheduled debt. Both the *Blakeman* and the *Reynolds* cases were filed after October 22, 1994, and thus 11 U.S.C. § 110 is applicable. The Blakeman's are seeking a dismissal of their case, McCubbins having created a mess which their counsel is unable to eliminate. Pursuant to 11 U.S.C. § 110, the Court shall require McCubbins to refund to the Blakeman's the $195 fee charged for preparation of the petition, the Court finding the fee excessive and an unauthorized charge for practicing law. In the *Reynolds* case, we shall assess a fine of $500 against McCubbins pursuant to 11 U.S.C. § 110 for improperly filing a pleading (i.e., the Motion to Dismiss) on behalf of the Debtor. McCubbins shall pay one-half of the $500 fine to Mr. Reynolds and the other one-half to the Clerk of Court.

■ In all four cases, we find McCubbins in violation of Local Rule 3(a)(3), McCubbins having prepared and filed petitions, motions and other papers constituting the "practice of law." Based on the overwhelming breath of authority discussed above, we hereby permanently enjoin R.L. McCubbins from filing or preparing for filing any papers in the Bankruptcy Court for the Western District of Kentucky, effective immediately upon the entry of this Court's Order and direct the Clerk of Court to refuse to accept any petition or pleading prepared by R.L. McCubbins.

### ORDER

Pursuant to the Court's Memorandum entered this same date and incorporated herein

by reference, and the Court being otherwise sufficiently advised,

IT IS HEREBY ORDERED that R.L. McCubbins refund $195 to Charles and Tina Blakeman;

IT IS FURTHER ORDERED that R.L. McCubbins pay $500, one-half to Mr. Reynolds and one-half to the Clerk of Court, as sanctions pursuant to 11 U.S.C. § 110;

IT IS FURTHER ORDERED that the Motion to Dismiss the *Reynolds* case, No. 94–33199(3)7, be and hereby is, OVER-RULED;

IT IS FINALLY ORDERED that R.L. McCubbins be and hereby is ENJOINED from preparing for filing or filing any petitions, motions, pleadings and other papers in the Bankruptcy Court for the Western District of Kentucky from the date of entry of this Order and the Clerk of this Court is directed to refuse to accept any petition or pleading prepared by R.L. McCubbins.

### EXHIBIT A

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NUMBER: 94–33199(3)(7)

IN RE: JAMES R. REYNOLDS, A.K.A.
JAMES B. REYNOLDS, A.K.A.
BRANDON REYNOLDS
DEBTORS

*MOTION*

Comes now your Respondent, Ronald L. McCubbins, IN PROPRIA PERSONA AND SUI JURIS and Moves this HONORABLE COURT TO DISMISS WITH PREJUDICE CASE # 94–33199(3)(7), JAMES R. REYNOLDS A.K.A. JAMES B. REYNOLDS A.K.A., BRANDON REYNOLDS. THIS MOTION IS SUPPORTED BY A MEMORANDUM OF LAW.

Respectfully Submitted this 18th day of January 1995.

R.L. McCubbins
Ronald L. McCubbins
Suite #101
3113 Fern Valley
Louisville, KY 40213

### Memorandum Of Law

In a Feb. 1994 hearing befors Hon. David T. Stosberg, U.S. Bankruptcy Judge Presiding he informed myself and David Ford that he considered it The Practice Of Law for anyone except an attorney to certify pleadings in his Court. Exhibit A is hereto attached which states under the penalty of perjury the foregoing documents are true and correct to the best of my (our) knowledge, information, and belief. The debtor signs this document prior to filing the Bankruptcy Petitions. If the petitions are incorrect the Debtor bears full responsibility for them not the preparer. In addition to Exhibit B Local Rule 5(C)(3) prohibits The Bankruptcy Clerk from accepting improperly signed petions which is the Case with Mr. Reynolds.

844

## EXHIBIT A

In RE: REYNOLDS, JAMES R. Case Number: 94-33199

### DECLARATION CONCERNING DEBTOR'S SCHEDULES

I (we) declare under penalty of perjury that I (we) have read the foregoing summary and schedules consisting of _13_ sheets, and that they are true and correct to the best of my (our) knowledge, information, and belief.

Date _11-11-94_ Signature _James R. Reynolds_
 Debtor

Date _____ Signature _____
 Joint Debtor (if any)

# EXHIBIT B

[redacted]

*Local Rules*

*U.S. Bankruptcy Court of the Western District of Kentucky*

party shall then have thirty (30) days to designate local co-unsel. If designation is not made, the clerk shall refuse to accept any further papers for filing, and the Court may strike all pleadings of that party. Local counsel shall be sufficiently informed to answer status queries of the Court and to appear and adequately represent the client at any hearings before the Court, even on short notice and in the absence of trial counsel.

(d) *Appearance of Counsel.* Unless otherwise permitted by Court, an attorney shall be deemed to be an attorney of record in all actions by:

(1) making an in-court appearance on behalf of a party.

(2) filing an entry of appearance,

(3) signing a pleading as attorney for a party, or

(4) having his name listed, other than of counsel, on a pleading as an attorney in the action.

(e) *Extent of an Attorney's Duty to Represent.* Any attorney who files a bankruptcy petition for or on behalf of a debtor shall remain the responsible attorney of record for all purposes including the representation of the debtor in all proceedings that arise in conjunction with the case. An attorney is automatically deemed relieved of his duties when the debtor's case is closed, or when the attorney is specifically relieved after notice and a hearing upon motion and order of this court. Notice of any debtor's attorney's motion to withdraw from a case or proceeding shall be served upon the matrix by said attorney unless otherwise ordered.

## RULE NO. 4

### BUSINESS HOURS AND PLACE OF FILING

The Bankruptcy Court shall be open to the public from 8:30 A.M. to 4:30 P.M., prevailing time, Monday through Friday. The Court shall close on all federal holidays unless otherwise ordered by the court.

All petitions, pleadings, and claims in bankruptcy proceedings shall be filed with the Clerk of the Bankruptcy Court at 5-16 Gene Snyder Courthouse and Customs House, 601 West Broad-

way, Louisville, Kentucky 40202. All proceedings shall be conducted in the division of the residence of the debtor or the division in which the major portion of the assets are located. Emergency filings may be accepted in the divisional offices of the U.S. District Court Clerk in Bowling Green, Owensboro, and Paducah, but only on approval by the Clerk of the Bankruptcy Court or the Clerk's designee.

## RULE NO. 5

### PETITIONS: NUMBER OF COPIES TO BE FILED IN THE BANKRUPTCY COURT AND MINIMUM FILING REQUIREMENTS

(a) An original and two (2) copies of a petition, lists, schedules and statements under Chapter 7 of the Bankruptcy Code shall be filed. In a Chapter 13 case an original, and three (3) copies of the petition, lists, schedules and statement of affairs shall be filed.

(b) An original and five (5) copies of a petition, lists, schedules and statements under Chapter 9, 11 or 12 of the Bankruptcy Code shall be filed. An original and one (1) copy of the Chapter 11 disclosure statement and plan shall be filed. An original and one (1) copy of the Chapter 12 plan shall be filed.

(c) The Clerk of this Court shall refuse to accept for filing any petition, complaint or motion under Title 11 (whether it be under Chapter 7, 11, 12, or 13 which

(1) purports to place more than one entity or person (unless they are husband and wife) under the protection of Title 11; or

(2) is not accompanied by a filing fee or installment application; or

(3) is not properly signed; or

(4) is filed pro se by a corporation/partnership or other business entity (other than an individual conducting business as a sole proprietorship); or

(5) is not accompanied by a mailing matrix.

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was hand delivered or mailed first class, postage prepaid to the following parties on January 18, 1995.

Scott J. Goldberg
Attorney/Advisor
U. S. Department of Justice
Office of the U.S. Trustee
601 W. Broadway-Room 512
Louisville, KY 40202

Victoria E. Young
U. S. Trustee
601 W.Broadway-Room 512
Louisville, KY 40202

Diane S. Robl
Clerk Of Court
United States Bankruptcy Court
601 W. Broadway
Louisville, KY 40201

Signed at Louisville, Kentucky, this 4th day of January, 1995.

Ronald L. McCubbins

IN PROPRIA PERSON
3113 Fern Valley Road #101
Louisville, KY 40213
Tel: 502-968-8242

---

EXHIBIT B

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY

Chapter 7

94–33018

IN RE: Kimberly Hastings
Debtor(s)

*ORDER FOR PAYMENT OF FILING FEE IN INSTALLMENTS*

The application of the debtor(s) for permission to pay the filing fee in installments having been reviewed:

IT IS ORDERED that no hearing will take place unless objections to the following order of payment of fee are filed within ten (10) days from the date of the order.

IT IS FURTHER ORDERED that the debtor(s) pay the filing fee still owing, namely, as follows:

$ 30.00 Due on or Before November 1, 1994

$ 65.00 Due on or Before December 1, 1994

$ 65.00 Due on or Before January 3, 1994

IT IS FURTHER ORDERED that all payments be made to *Clerk, U.S. Bankruptcy Court, 546 U.S. Courthouse, 601 West Broadway, Louisville, Kentucky 40202.* Payments must be made in the form of a certified check, cashier's check, cash, or money order.

IT IS FURTHER ORDERED that until the filing fee is paid in full, the debtor shall pay no money and shall transfer no property to his attorney, and his attorney shall accept no money or property from the debtor for services in connection with this case.

*IT IS FINALLY ORDERED that this case shall be dismissed without further notice for failure to comply with this order. No motion to reinstate will be considered.*

BY THE COURT
DAVID T. STOSBERG
United States Bankruptcy Judge

Entered: October 18, 1994
Louisville, Kentucky
cc: Debtor
Attorney for Debtor

NOTE: To properly process your payment, place the *BANKRUPTCY CASE NUMBER* on ALL payments and correspondence.

## EXHIBIT C

UNITED STATES BANKRUPTCY
COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY
Case No.: 94–33018(3)7
S.S. #401–98–6879

IN RE: KIMBERLY HASTINGS
DEBTOR(S)

### *ORDER OF DISMISSAL*

This matter having come before the Court *sua sponte*, and it appearing that the second installment of the filing fee payment of $65.00 due on December 1, 1994 remains unpaid;

IT IS HEREBY ORDERED that this bankruptcy case is DISMISSED and no further applications by the debtor to pay future filing fees in installments will be considered by the Court.

A copy of this Order is mailed to the debtor(s); to William Lawrence, Trustee; to Joseph Golden, Assistant U.S. Trustee; and to all scheduled creditors and interested parties on the matrix and service/notice list.

/s/ David T. Stosberg
/s/ United States Bankruptcy Judge

Louisville, Kentucky

Dated: December 29, 1994 sld

## EXHIBIT D

UNITED STATES BANKRUPTCY
COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CASE #94–330180

IN RE: KIMBERLY HASTINGS
SOCIAL SECURITY #401–98–6879
DEBTOR

Filed Jan. 13, 1995

### MOTION TO REINSTATE

Comes now the Debtor/Petitioner Kimberly Hastings and moves this Honorable Court pursuant to Section 350(b) of the Code and in accordance with Bankruptcy Rule 5010 to reinstate my Bankruptcy Case # 94–33018.

/s/ Kimberly Hastings
Kimberly Hastings,
Debtor, Pro Se
4410 Belrad Drive
Louisville, KY 40218

UNITED STATES BANKRUPTCY
COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CASE # 94–33018

IN RE: KIMBERLY HASTINGS
SOCIAL SECURITY #401–98–6879
DEBTOR

Jan. 13, 1995

### ORDER TO REINSTATE

Upon Motion of the Debtor, 1, and no objections having been made, and;

The Court having been sufficiently advised, it is hereby ordered, pursuant to Section 350(b) of the Code and in accordance with Bankruptcy Rule 5010 that the Bankruptcy Case # 94–33018 for Kimberly Hastings be and is reinstated.

848

■■■■■

**JUDGE**

**DATE**

### CERTIFICATE OF SERVICE

I CERTIFY THAT A COPY OF THIS MOTION WAS SERVED BY FIRST CLASS MAIL ON WILLIAM LAWRENCE, TRUSTEE, AT 300 LEGAL ARTS BUILDING, 200 S. 7TH ST., LOUISVILLE, KY 40202, THIS 11TH DAY OF JANUARY, 1995.

/s/ Kimberly Hastings
Kimberly Hastings, Debtor, Pro Se
4410 Belrad Drive
Louisville, KY 40218

### NON LAWYER PREPARER'S STATEMENT

I DECLARE, UNDER PENALTY OF PERJURY, THAT I TYPED THE MOTION AND ORDER AND ACCOMPANYING CERTIFICATE OF SERVICE TO REINSTATE BANKRUPTCY CASE 94–33018 FOR KIMBERLY HASTINGS AND THAT THE TOTAL FEE FOR THE PREPARATION OF SAID MOTION, ORDER AND CERTIFICATE WAS $40.00 WHICH THE PETITIONER HAS PAID IN FULL. THE PETITIONER STATED THAT THE ORIGINAL BANKRUPTCY CASE WAS PREPARED BY DOCUMENTS OF LOUISVILLE ON OR ABOUT 9/15/94 AND I WAS NOT ASSOCIATED WITH DOCUMENTS OF LOUISVILLE AT THAT TIME.

/s/ R.L. McCubbins
R.L. McCUBBINS,
PREPARER ID # 402–52–4111
Documents Unlimited
3113 FERN VALLEY ROAD # 101
LOUISVILLE, KY 40213