**In re Arthur B. PORTER, Debtor.**

**Bankruptcy No. 94–03608–6B1.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Dec. 1, 1994.

Margaret Hull, Asst. U.S. Trustee.

Mac Heavener, for First Union Nat. Bank of Florida.

Richard Hennings, for debtor.

### *MEMORANDUM OPINION*

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came before the Court on First Union National Bank of Florida's Objection to Debtor's Exemptions. Appearing were Margaret Hull, Assistant United States Trustee, Mac Heavener, attorney for First Union National Bank of Florida, and Richard Hennings, attorney for the Debtor. After reviewing the pleadings, stipulation of facts, receiving arguments of counsel and authorities for their respective positions, the Court makes the following Findings of Fact and Conclusions of Law.

### *FINDINGS OF FACT*

On July 12, 1994, the Debtor filed for relief under Chapter 11 of the Bankruptcy Code. The Debtor was a head of a family and an insurance agent with State Farm Insurance Company ("State Farm") on the date of the bankruptcy filing. The Debtor is an independent contractor who receives a commission on the sale of each insurance policy. If a policy is renewed, State Farm pays the Debtor a renewal commission.

The rights and obligations between the Debtor and State Farm are governed by an Agent Agreement, dated May 27, 1993. Commissions payable to the Debtor are based upon schedules of payments attached to the Agency Agreement.

On the date of bankruptcy, the Debtor was entitled to receive insurance commissions

from State Farm, including renewal commissions. The Debtor's bankruptcy schedules valued the commissions at $36,365.00 which the Debtor claimed exempt under *Fla.Stat.* 222.11. An exemption is claimed for the Debtor's 1990 Porsche 944 automobile pursuant to *Fla.Stat.* 222.25(1). The Debtor's unsecured debt was incurred prior to October 1, 1993.

### CONCLUSIONS OF LAW

■ First Union objected to the Debtor's claimed exemptions for the insurance commissions and the automobile, and seeks a determination that these items are property of the estate. Section 522(b) of the Bankruptcy Code provides exemptions allowing debtors to retain property. Florida has "opted out" pursuant to Section 222.20 *Fla.Stat.* (1979), creating its own exemptions. In 1993, the Florida Legislature amended Section 222.11, *Fla.Stat.* (1993) which provided additional exemptions. The effective date of the new law is defined in Section 6 of Chapter 93–256 which provides:

> *Section 6.* This Act applies only to an attachment, a garnishment, or other legal process that arises as a result of a contract, a loan, a transaction, a purchase, a sale, a transfer, or a conversion occurring on or after October 1, 1993.

Fla.Laws ch. 93–256.

■ When a statute is clear and unambiguous, the statute must be given its plain and ordinary meaning. *McCollam v. McCollam,* 986 F.2d 436 (11th Cir.1993) (*citing Streeter v. Sullivan,* 509 So.2d 268 (Fla.1987); *Holly v. Auld,* 450 So.2d 217 (Fla.1984); *Maryland Casualty Co. v. Sutherland,* 125 Fla. 282, 169 So. 679 (1936)). Although legislative history is irrelevant where the wording of a statute is clear, the legislative history of an act is material in determining legislative intent when doubt exists as to what is meant by the language used. *Maryland Casualty, Id.* A court is bound to give effect to legislative intent when it is ascertainable. *In re Estate of Williams,* 182 So.2d 10 (Fla.1965) *conformed to* 183 So.2d 290 (3rd DCA 1966). Because the Legislature did not clearly specify whether it is an attachment, garnishment, or other legal process occurring on or after

October 1, 1993 that determines the effective date of the Act, or whether it is a contract, loan, transaction, purchase, sale, transfer, or conversion, the legislative history is relevant.

An examination of the legislative history reveals Section 6 limits the applicability of the Act to financial transactions and judgments entered into on or after October 1, 1993. Final Bill Analysis & Economic Impact Statement, House Bill 1293 II.C., §§ 6 & 7. The Court is bound by the language imposed by the Florida Legislature. Had the Legislature intended to make the Act retroactive, the restrictive language of Section 6 would not have been made part of the Act. The amendments under the Act are prospective and are not applicable to debts incurred before the date of the enactment.

In determining exempt property under an Alabama statute which was prospective, the Eleventh Circuit in *First Nat. Bank of Mobile v. Norris,* 701 F.2d 902 (11th Cir.1983), held that under Section 522, states may determine exemptions according to the date debts were incurred. The *Norris* court held the amendments were prospective and applicable to debts incurred after the effective date of the amendments.

The impact on bankruptcy issues and the potential inconsistencies created by the application of Section 6 were probably unanticipated by its draftors. Until the appellate courts provide further guidance, we are bound by the legislative intent expressed in Section 6 and its legislative history. The language of Section 6 limits the application of the Act, and the legislative history of the Act supports its prospective application. The Debtor incurred unsecured debt prior to October 1, 1993, the effective date of the Act, and is limited to the exemptions available prior to October 1, 1993.

■ The exemption claimed in the insurance commissions must be analyzed under *Fla.Stat.* § 222.11 (1991) which provided:

> No writ of attachment or garnishment or other process shall issue from any of the courts of this state to attach or delay the payment of any money or other thing due to any person who is the head of a family residing in this state, when the money or

other thing is due for the personal labor or services of such person. *Fla.Stat.* § 222.11 (1991). The Eleventh Circuit in *In re Schlein,* 8 F.3d 745 (11th Cir. 1993) determined the exemptions provided in Section 222.11 do not extend to earnings of an independent contractor. As the Debtor is an independent contractor, pursuant to *Fla. Stat.* § 222.11 (1991), the Debtor is not entitled to exempt commissions earned prior to the filing of the bankruptcy petition.

■ The second issue for determination is whether the Debtor may utilize the exemption provisions of the new automobile exemption, Section 222.25(1) *Fla.Stat.* (1993), which provides a debtor with a $1,000.00 automobile exemption. The Debtor incurred unsecured debt prior to October 1, 1993 and is limited to the exemptions available under Florida law prior to October 1, 1993. As Section 222.25(1) became effective October 1, 1993, and there was no individual exemption for an automobile prior to that date, the Debtor is not entitled to the $1,000.00 automobile exemption.

Accordingly, First Union's Objection to the Debtor's Exemptions are due to be sustained, and pursuant to *Fla.Stat.* § 222.11 (1991) and Section 6 1993 Fla.Laws ch. 93–256, the commissions earned by the Debtor from State Farm pursuant to the Agency Agreement prior to the bankruptcy filing are not exempt. Pursuant to Section 6 1993 Fla.Laws ch. 93–256, any equity in the 1990 Porsche automobile is not exempt.

### *ORDER*

In conformity with and pursuant to the Memorandum Opinion entered contemporaneously herewith, it is

**ORDERED, ADJUDGED and DECREED** First Union National Bank of Florida's Objection to the Debtor's Exemptions is **SUSTAINED;** it is further

**ORDERED, ADJUDGED and DECREED** that pursuant to Section 6 1993 Fla.Laws ch. 93–256 and *Fla.Stat.* § 222.11 (1991), the commissions earned by the Debtor from State Farm pursuant to the Agency Agreement prior to the bankruptcy filing are not exempt; and it is further

**ORDERED, ADJUDGED and DECREED** that pursuant to Section 6 1993 Fla.Laws ch. 93–256, any equity in the 1990 Porsche automobile is not exempt.