**In re Miguel A. CORDERO and Annie Bladotioty Cordero, Debtors.**

**Bankruptcy No. 95–0265–6B7.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

June 28, 1995.

---

Circuit followed *Roddenberry,* and was decided under the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*

Virginia Bell d/b/a Action Paralegal Service, Orlando, FL, pro se.

Gene Chambers, Chapter 7 Trustee, Orlando, FL.

Margaret Hull, Asst. U.S. Trustee, Orlando, FL.

## MEMORANDUM OPINION

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came before the Court on the Debtors' Verified Motion for Judgment Imposing Bankruptcy Code Section 110 Sanctions on Bankruptcy Petition Preparer re: Virginia Bell d/b/a Action Paralegal Service (the "Debtor's Motion") [Document No. 9]. Appearing before the Court were Andrew Baron, attorney for Debtors, Miguel A. Cordero and Annie Bladotioty Cordero; Margaret Hull, Assistant United States Trustee; and Virginia Bell d/b/a Action Paralegal Service, pro se. After reviewing the pleadings, evidence, receiving testimony, exhibits, arguments of counsel and parties, and authorities for their respective positions, the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

The Debtors filed for relief under Chapter 7 of the Bankruptcy Code on January 19, 1995. Prior to filing for bankruptcy, the Debtors obtained assistance from Virginia Bell d/b/a Action Paralegal Service in Orlando, Florida ("Bell"). Bell prepared the Debtors' bankruptcy schedules including their Statement of Financial Affairs.

The Debtors paid the total sum of $335.00 to Bell which included a $160.00 court filing fee and $175.00 for services rendered. In response to Question 9 of the Statement of Affairs, Bell prepared a response that a fee of $100.00 was paid from the Debtors' earnings. Bell purposefully misrepresented the amount of fees charged in preparing the Statement of Financial Affairs with the intention of deceiving the Court and circumventing the restrictions on fees permitted by non-lawyers providing typing services.

Andrew Baron, Orlando, FL, for debtors.

It was Bell's ordinary practice at the time this petition was prepared to accept filing fees from clients. Bell did not sign the bankruptcy schedules as the preparer, and did not print on the document her name, address, and her Social Security number. Bell advertised her services in the yellow pages under the category of legal clinics and paralegals before the Bankruptcy Reform Act of 1994, Pub.L. No. 103–294 ("the 1994 Reform Act") was enacted. There was no evidence the advertisements were placed after October 22, 1994, the date of enactment of the 1994 Reform Act.

At the time this petition was prepared, Bell advised the Debtors they were entitled to a $1,000.00 automobile exemption and a $1,000.00 personal property exemption in connection with the filing of their Chapter 7 petition. This advice was rendered at a time when many were unaware of this Court's decision in *In re Porter,* 182 B.R. 53 (Bankr. M.D.Fla.1994). Bell's representations concerning exemptions did not result in damage to the Debtors. The Debtors' primary reason for filing bankruptcy was because they could not pay all their debts when they became due. The Debtors failed to establish they were damaged as a result of the information provided by Bell concerning their exemptions.

On April 8, 1994, the local form, "Statement of Assistance Received in Connection with Filing of this Case," required of pro se debtors, was amended by this Court, adopting *In re Cochran,* 164 B.R. 366 (Bankr. M.D.Fla.1994) and adding the following statement:

This Court has entered an Order that determined that a reasonable fee to be charged by a non-lawyer providing assistance in preparing a bankruptcy case for filing is $50.00. If the non-lawyer is required to make changes to the paperwork to be filed through no fault of its own, an additional, reasonable fee can be charged. However, in no event may the fees charged by a non-lawyer exceed $100.00.

(Citation omitted). On October 22, 1994, 11 U.S.C. § 110, Penalty for persons who negligently or fraudulently prepare bankruptcy petitions, was enacted by the Bankruptcy Reform Act of 1994, Pub.L. No. 103–294, effective in cases filed on or after the date of enactment. At the time Bell prepared the Debtors' bankruptcy schedules, she was aware that the Orlando Division restricted the amount of fees which may be charged by a non-lawyer.[1] She was also aware of the restrictions imposed upon bankruptcy petition preparers by Section 110. Bell engaged in a pattern of deceptive practices intended to circumvent the restrictions imposed upon bankruptcy petition preparers and with the intention of deceiving the Court. Bell presented no evidence of reasonable cause for her violations of Section 110. Therefore, a significant sanction of $250.00 for each of these violations is appropriate.

The Debtors' Attorney has submitted Debtors' Attorney's Verified Affidavit of Attorney's Time Spent [Document No. 20] in support of the Debtors' request for damages, attorneys' fees and costs, indicating in excess of 12 hours were spent including preparation and presentation of the motion, research, conferring with the Debtors, trial time, preparation of a draft memorandum opinion, and the affidavit at his normal billing rate of $200.00 per hour. For services rendered in this case, a reasonable fee is $1,500.00.

## CONCLUSIONS OF LAW

A "bankruptcy petition preparer" is defined as, "a person, other than an attorney or an employee of an attorney, who prepares for compensation a document for filing." 11 U.S.C. § 110(a)(1). Bell is not an attorney and is not an employee of an attorney, satisfying the definition of "bankruptcy petition preparer" provided by Section 110.

For those who find the cost of traditional legal services prohibitive, typing services such as those provided by bankruptcy peti-

---

1. *In re Cochran,* 164 B.R. 366 (Bankr.M.D.Fla. 1994) indicated the maximum fee to be charged by nonlawyer providing assistance in preparing a bankruptcy case for filing was $50.00. If the non-lawyer was required to make changes to the paperwork to be filed through no fault of its own, an additional reasonable fee could be charged but in no event could the fees charged by a non-lawyer exceed $100.00.

tion preparers may provide a service to certain debtors. The House Judiciary Committee's Report on the 1994 Reform Act reveals that Section 110[2] was intended to address the proliferation of typing services. "These preparers often lack the necessary legal training and ethics regulation to provide such services in an adequate and appropriate manner. These services may take unfair advantage of persons who are ignorant of their rights both inside and outside the bankruptcy system." 2 COLLIER ON BANKRUPTCY § 110.01 (15th ed. 1995); 140 CONG.REC. H10,770 (daily ed. Oct. 4, 1994).

■ Bell prepared the Statement of Assistance Received in Connection with the Filing of this Case [Document No. 3] for the Debtors' signatures which inaccurately stated a fee of $100.00 was paid when, in fact, $175.00 was paid. Bell failed to sign the bankruptcy petition and print on the document the preparer's name and address in contravention of 11 U.S.C. § 110(b)(1). Bell failed to provide her Social Security account number as the identifying number of the bankruptcy petition preparer in contravention of 11 U.S.C. § 110(c)(1). Bell collected filing fees for court costs as was her ordinary practice at the time this petition was filed in contravention of 11 U.S.C. § 110(g)(1). Bell failed to file a declaration under penalty of perjury disclosing any fee received from or on behalf of the debtor within 12 months immediately prior to the filing of the case in contravention of 11 U.S.C. § 110(h)(1).

Bell was aware of the restrictions imposed by *In re Cochran* and the requirements of Section 110. Bell engaged in a pattern of deceptive practices with the intention of deceiving the Court and to circumvent the restrictions mandated both by local Order[3] prior to the 1994 Reform Act and the requirements of Section 110. Bell presented no evidence of reasonable cause for her violations of Section 110.

Pursuant to subsections (b)(2), (c)(3), and (g)(2) of Section 110, Bell, as a bankruptcy petition preparer who failed to comply with subsections (b)(1), (c)(1), and (g)(1) of Section 110, may be fined not more than $500 for each violation. In this case of first impression before this Court, due to Bell's pattern of deceptive practices intended to deceive the Court and circumvent the restrictions imposed upon bankruptcy petition preparers, a significant sanction for each violation is appropriate.

Bell advertised using the word "legal" under the category of legal clinics and paralegals. The advertisements were placed before the restrictions imposed by the 1994 Reform Act. There was no evidence to establish the advertisements were placed in violation of Section 110(f)(1) after October 22, 1994, the date of enactment.

Bell advised the Debtors they were entitled to a $1,000 automobile exemption and a $1,000 personal property exemption for the filing of a Chapter 7 bankruptcy. In 1993, the Florida Legislature amended Section 222.11, *Fla.Stat.*, providing additional exemptions, including Section 222.25(1), *Fla.Stat.* (1993) which provides debtors with a $1,000 automobile exemption. On December 1, 1994, this Court in *In re Porter,* 182 B.R. 53 (Bankr.M.D.Fla.1994), held that the amendment providing the automobile exemption was prospective in application and not applicable to bankruptcy cases in which unsecured debts were incurred before October 1, 1993, the date of enactment. Following the decision in *Porter,* if the Debtors incurred unsecured debts prior to October 1, 1993, they would be limited only to the exemptions available prior to October 1, 1993, and would not be able to take advantage of the automobile exemption provided by Section 222.25(1), *Fla.Stat.* (1993).

Having filed for relief approximately one month after the *Porter* decision was rendered, many unaware of the *Porter* decision were unclear about the availability of exemptions. The Debtors did not file bankruptcy solely in reliance on the automobile exemption and were not damaged as a result of the information provided regarding the exemp-

**2.** 11 U.S.C. § 110, enacted as part of the Bankruptcy Reform Act of 1994, Pub.L. No. 103–394, is effective in cases filed on or after the date of enactment, October 22, 1994.

**3.** *In re Cochran,* 164 B.R. 366 (Bankr.M.D.Fla. 1994).

tions. The Debtors filed due to their inability to pay their debts as they became due.

Bell received $175.00 for the services she rendered as well as the $160.00 for the court filing fees. "A reasonable fee to be charged by a non-lawyer in the Central Florida area for the preparation of a Chapter 7 bankruptcy petition, schedules, and statement of affairs is $50.00." *In re Cochran,* 164 B.R. at 369. There was no evidence that Bell had to retype these papers due to no fault or mistake of her own, or that additions or changes were requested of the Debtors. Accordingly, no additional fee was justified. *Id.* Section 110 provides in pertinent part,

> The court **shall** disallow and order the immediate turnover to the bankruptcy trustee of any fee referred to in paragraph ■ found to be in excess of the value of services rendered for the documents prepared. An individual debtor may exempt any funds so recovered under section 522(b).

11 U.S.C. § 110(h)(2) (1994) (emphasis added).

■ Accordingly, for the violations of 11 U.S.C. §§ 110(b)(1), (c)(1), (g)(1), and (h)(1), Bell shall be fined $250.00 for each violation for the total sum of $750.00 which shall be paid to the Clerk of the Court. Bell is limited to a reasonable fee of $50.00 for services rendered as a bankruptcy petition preparer in this case. Bell shall be ordered to turn over the sum of $125.00 to Gene Chambers, the Chapter 7 Trustee, within 30 days of the date of this Order. The Court shall reserve jurisdiction for sanctions provided by 11 U.S.C. § 110(h)(4) should Bell fail to timely comply with this Order.[4]

### CERTIFICATION PURSUANT TO 11 U.S.C. § 110(i)(1)

■ The Debtors seek recovery for damages, attorneys' fees and costs pursuant to 11 U.S.C. § 110(i)(1) which provides:

> (i)(1) If a bankruptcy case or related proceeding is dismissed because of the failure to file bankruptcy papers, including papers specified in section 521(1) of this title, the negligence or intentional disregard of this title or the Federal Rules of Bankruptcy Procedures by a bankruptcy petition preparer, **or if a bankruptcy petition preparer violates this section or commits any** fraudulent, unfair or **deceptive act, the bankruptcy court shall certify that fact to the district court,** and the district court, on motion of the debtor, the trustee, or a creditor and after a hearing, shall order the bankruptcy petition preparer to pay to the debtor—
>
> (A) the debtor's actual damages;
>
> (B) the greater of—
>
> (i) $2,000; or
>
> (ii) twice the amount paid by the debtor to the bankruptcy petition preparer for the preparer's services; and
>
> (C) reasonable attorneys' fees and costs in moving for damages under this subsection.

11 U.S.C. § 110(i)(1) (1994) (emphasis added).

Bell violated 11 U.S.C. §§ 110(b)(1), (c)(1), (g)(1), and (h)(1) and engaged in a pattern of deceptive practices intended to deceive the Court and circumvent the requirements of Section 110 as they apply to bankruptcy petition preparers. Bell presented no evidence of reasonable cause for these violations. All additional Findings of Fact in the **Memorandum Opinion** entered contemporaneously herewith are incorporated by reference.

Accordingly, these facts are certified to the district court for further determination pursuant to 11 U.S.C. § 110(i)(1).

### ORDER

In conformity with and pursuant to the **Memorandum Opinion** entered contemporaneously herewith, it is

**ORDERED, ADJUDGED and DECREED** that the relief sought in the Debtors' Verified Motion for Judgment Imposing Bankruptcy Code Section 110 Sanctions on Bankruptcy Petition Preparer re: Virginia

---

4. Section 110(h)(4) provides in pertinent part,
   (4) A bankruptcy petition preparer shall be fined no more than $500 for each failure to comply with a court order to turn over funds within 30 days of service of such order.
   11 U.S.C. § 110(h)(4) (1994).

Bell d/b/a Action Paralegal Service [Document No. 9] is **GRANTED in part** and **DENIED** in part; it is further

**ORDERED, ADJUDGED and DECREED** pursuant to 11 U.S.C. §§ 110(b)(2), (c)(3), and (g)(2), for the violations of 11 U.S.C. §§ 110(b)(1), (c)(1), (g)(1), and (h)(1), Bell shall be fined the total sum of $750.00 which shall be payable to Carl R. Stewart, Clerk of the Court, United States Bankruptcy Court, 135 W. Central Blvd., Suite 950, Orlando, FL 32801; it is further

**ORDERED, ADJUDGED and DECREED** that Virginia Bell d/b/a Action Paralegal Service is limited to a reasonable fee of $50.00 for services rendered as a bankruptcy petition preparer; *In re Cochran*, 164 B.R. 366 (Bankr.M.D.Fla.1994); it is further

**ORDERED, ADJUDGED and DECREED** Virginia Bell d/b/a Action Paralegal Service is **ORDERED** to turn over the sum of $125.00 to Gene Chambers, the Chapter 7 Trustee, PO Box 533987, 800 N. Magnolia, Suite 1650, Orlando, FL 32853, within 30 days of the service of this **Order;** it is further

**ORDERED, ADJUDGED and DECREED** that the Court shall reserve jurisdiction for sanctions provided by 11 U.S.C. § 110(h)(4) should Virginia Bell fail to timely comply with this Order; and it is further

**ORDERED, ADJUDGED and DECREED** that a **Transmittal and Certification of Facts Pursuant to 11 U.S.C. § 110(i)(1)** is being forwarded to district court contemporaneously herewith transmitting the finding of violations of 11 U.S.C. §§ 110(b)(1), (c)(1), (g)(1), and (h)(1), and for engaging in pattern of deceptive practices intended to deceive the Court and circumvent the provisions of 11 U.S.C. § 110 (1994) without reasonable cause.