In re Bernard M. CHAMBERLAND,
Julie Chamberland, Debtors.

Bankruptcy No. 95–07675–7.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Jan. 10, 1996.

Robert C. Hill, Ft. Myers, FL, for debtors.

Diane L. Jensen, Trustee, Ft. Myers, FL.

**ORDER ON DEBTORS' MOTION FOR CERTIFICATION OF FRAUDULENT, UNFAIR & DECEPTIVE ACTS BY BANKRUPTCY PETITION PREPARER PURSUANT TO 11 U.S.C. § 110(i)(1); ORDER ON MOTION FOR TURN OVER OF EXCESS BANKRUPTCY PETITION PREPARER'S FEE; AND ORDER ON MOTION FOR EXAMINATION OF COMPENSATION PAID AND FOR SANCTIONS FOR THE UNAUTHORIZED PRACTICE OF LAW AND VIOLATION OF SECTION 110 OF THE BANKRUPTCY CODE**

ALEXANDER L. PASKAY, Chief Judge.

This is a continuing assault on the business practices of Paralegal Associates, Inc. (Paralegal). The immediate matters under consideration are a Motion for Certification of Fraudulent, Unfair and Deceptive Acts by Bankruptcy Petition Preparer Pursuant to 11 U.S.C. § 110(i)(1) and a Motion for Turn Over of Excess Bankruptcy Petition Preparer's Fee, both filed by Bernard M. Chamberland and Julie Chamberland (Debtors); and a Motion for Examination of Compensation Paid and for Sanctions for the Unauthorized Practice of Law and Violation of Section 110 of the Bankruptcy Code filed by Diane L. Jensen, Trustee.

The Debtors' motions are based on §§ 110(h)(2) and (3), § 110(i)(1), and § 329 of the Bankruptcy Code. The Motion of the Trustee is based on § 110 (sic) without specifying the specific sub-clause of this Section.

Specifically, it is the contention of the Debtors that Paralegal is "A Petition Preparer" within the meaning of § 110(a)(1); that it prepared the Petition and other required documents on behalf of the Debtors; that it violated a requirement of § 110(b)(1) by failing to sign the documents prepared; that it violated § 110(c)(1) by failing to furnish the identification number of the preparer; that it advertised its business by using the term "legal" in a newspaper of general circulation in violation of § 110(f)(1); and that it committed fraudulent, unfair or deceptive acts in connection with the preparation of the Petition and other documents in violation of § 110(i)(1). In addition, it is also contended by the Debtors that the charge for the services which they have paid was grossly excessive.

Based on the foregoing, the Debtors contend that they are entitled to the imposition of the statutory penalty of $500.00 for the violations of § 110(b)(1); $500.00 for violation of § 110(c)(1); and $500.00 for violation of § 110(f)(1). If this Court certifies the matter to the District Court pursuant to § 110(i)(1), the Debtors also seek actual damages in the amount of $2,000.00, or twice the amount paid to the bankruptcy petition preparer, whichever is greater, and reasonable fees and costs. The order to show cause issued

by this Court, at the request of the Trustee, is also based on the allegations of the same violations and seeks the identical remedies.

Before considering the relevant facts established by the record, it should be noted that unlike the earlier hearing which was continued at the request of Paralegal, Paralegal is now represented by counsel who filed a Motion to Stay Proceeding on Order to Show Cause and Abstain from Hearing this Matter (Motion). The Motion, filed on behalf of Paralegal and John Trott, its principal, is based on 28 U.S.C. § 1334 and Bankruptcy Rule 5011(c) (sic). It is the contention of counsel for Paralegal and Trott that this Court, not being an Article III Court, has no jurisdiction to determine matters of Florida State law. They assert that the determination of "whether or not Trott is engaging in the unauthorized practice of law" is a state law issue. Based on these contentions, counsel for Paralegal and Trott seeks to have this Court abstain from hearing this case to the United States District Court pursuant to 28. U.S.C. § 1334 because "this Court seeks to apply Florida Supreme Court Rules covering lawyers practicing in Florida State Courts in such way as to limit and chill protected association and speech."

In the alternative, counsel seeks a stay and requests that the District Court treat the "Application for Removal" of this case as a "Petition For Declaratory and Injunctive Relief." Counsel cites 28 U.S.C. § 1331, 42 U.S.C. § 1985, and *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), as supporting her contentions. The stay is requested to obtain a final determination of "Federal questions" (sic) concerning whether Trott's First Amendment rights have been abridged by the Trustee's Motion to Examine Compensation.

The presentation of these various contentions by counsel for Paralegal and Trott has not been a paradigm of lucidity or logic. However one thing is clear. The entire thrust of her argument is based on a total misconception of what is and what is not involved in any of the matters under consideration. The issues raised by the Motion filed by the Debtor and the Order to Show Cause instituted by the Trustee have absolutely nothing to do with any State law, but are based solely on § 110 of the Bankruptcy Code, enacted by Congress pursuant to its express constitutional authority. U.S. Const. Art. I, Section 4.

To the extent the movants also seek a referral of the record to the Florida Bar, the counsel's challenge is equally off the mark, because neither the Debtors nor the Trustee seek an adjudication that either Paralegal and/or Trott are engaged in the unauthorized practice of law. They merely request the transmission of this record and the request to investigate the matter, if the Florida Bar finds that an investigation is warranted. It is difficult to visualize how this request could possibly violate Trott's First Amendment rights. To the extent it has a chilling effect on Trott's business practices if these practices ultimately are found to be prohibited by law, the chilling effect on practices prohibited by law is a welcome result. Hopefully, it will come about sooner rather than later.

■ It should be apparent from the foregoing that none of the Sections of Title 28, relied on by counsel for Paralegal and Trott, have any application to the issues under consideration. For instance, 28 U.S.C. § 1334 does not, as contended by counsel, "allow this Court as does Bankruptcy Court Rule 5011(c) (sic) to abstain from hearing this matter." It appears that counsel attempts to rely on § 1334(c)(1), optional abstention, and possibly on § 1334(c)(2), mandatory abstention. Both provisions of the Judicial Code are inapplicable and her reliance on them is misplaced. It needs no elaborate discussion or citation of authorities to point out that the provisions apply only to abstention from hearing a particular proceeding in the interest of justice or the interest of comity with State Courts or respect for State law; or to abstention from hearing a State law claim or a State cause of action which is already pending in a State forum. 28 U.S.C. §§ 1334(c)(1) and (2).

The matters under consideration have nothing to do with State law or a State cause of action, and of course, none of them are pending in a State forum for the obvious reasons. The oblique reference to "Bank-

ruptcy Court Rule 5011," meant no doubt to refer to the Federal Bankruptcy Rules of Procedure, F.R.B.P. 5011, and was equally improper and insufficient to assert a valid basis for the withdrawal of the reference, if that is what counsel had in mind.

In Paragraph 4, counsel also requests a stay of the proceedings and requests that the Application for Removal be treated as a "Petition for Declaratory and Injunctive Relief." This Court has not been able to locate the Application for Removal. Even if it was in fact filed, the Application for Removal is improper because of the procedural defect and because it relied upon 28 U.S.C. § 1462. Counsel apparently meant 28 U.S.C. § 1452, entitled "Removal of Claims Related to Bankruptcy Cases," which is equally inapplicable as a matter of law. This Statute was designed to remove any claim or cause of action in a civil action *to the District Court* and in turn to the Bankruptcy Court; not the reverse, that is, removal *from* the Bankruptcy Court to any other forum. (Emphasis supplied.) The other point raised by counsel, e.g., this Court lacks jurisdiction over "federal questions," citing *Northern Pipeline Construction Company v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), is patently without merit. Congress, by enacting the Bankruptcy Amendments and Federal Judgeship Act of 1984 (BAFJA), P. Law No. 98–353, in response to *Northern Pipeline,* restructured the bankruptcy jurisdiction with 28 U.S.C. §§ 1334(a)(b)(c). This is currently the source of bankruptcy jurisdiction of the District Courts, and by virtue of the order of general reference, pursuant to 28 U.S.C. § 157(a), the source of the bankruptcy court's jurisdiction. While one might argue that BAFJA did not furnish a satisfactory resolution of the constitutional problem found in the jurisdictional provisions of the Bankruptcy Reform Act of 1978, P. Law No. 95–598, 92 Stat. 2549, by the Supreme Court in *Northern Pipeline,* this matter is not before this Court. Until the jurisdictional structure is found to be wanting because BAFJA failed to meet the constitutional muster, the bankruptcy court will and should exercise the jurisdiction established by BAFJA. The claim asserted by counsel in her unrequested

brief on the alleged violation of Trott's civil rights by the Trustee is equally without merit and not supported by this record which shows the following:

Paralegal is a Florida corporation and John Mark Trott is the founder and sole stockholder and officer of this corporation. Paralegal is engaged in the business of preparing legal documents in connection with divorce and bankruptcy. Its advertisements are placed in The News–Press, the local newspaper of general circulation in Ft. Myers (Trustee's Exh. 1); and appear in Section 008, which is the classification for advertising legal services. In its advertisement, Paralegal stated that it would prepare bankruptcy petitions for $129. "Plus costs" appears underneath the advertisement in parentheses and in small print.

It appears that Mr. Chamberland, having read the ad, decided to make an appointment with Paralegal. He visited the offices of Paralegal sometime in the latter part of July, 1995. Paralegal is a franchise operation which utilizes a software in connection with the preparation of bankruptcy petitions and other related documents marketed by Matthew Bender, a well-known publisher of legal literature, which it acquired as part of the franchise it bought from the franchisor. Although the business is technically operated by the corporation, as noted earlier, Trott is the sole person rendering the services and he is the person with whom the clients have any contact. Also, in this particular instance, Trott interviewed Mr. Chamberland and ultimately prepared the Petition, Schedules, and the other documents.

It appears that before starting the preparation of the document, Trott informed Mr. Chamberland that the fee would be $129 plus $125 for expenses. The form used by Paralegal, which appears to be an invoice, identifies the customer and lists the following fees: $129 for Forms & Processing; $75 for Other Fees; and $50.00 for Notary; or a total charge of $254.00. (Trott's Exh. 1) The form also indicates that this sum was in fact paid, and that Paralegal also required, in addition to the charges described, $160.00 for the filing fee to be paid in the form of a

money order payable to the U.S. Bankruptcy Court.

The same form also included an "Agreement." The Agreement is basically a detailed disclaimer by Paralegal, stating that it does nothing more than furnish a typing service of the forms, all information placed on the forms is furnished by the "client," and it does not furnish and give legal advice. The Agreement is signed by the "client." In this instance, only Mr. Chamberland signed the Agreement. His wife did not.

In preparing the Petition, Schedules and the other required documents, Trott uses a "Bankruptcy Information Sheet," which on the top has two classifications. One reads Chapter 7, "Liquidation where you do not have the ability to pay off your existing debts." The other reads Chapter 13, "Repayment of all or part of the debts of an individual with regular income." (Trott's Exh. 2) There is no doubt that the Debtor does not know the difference between the two Chapters. It was not the Debtor, but Trott who made the selection and checked the Chapter 7 case because, according to Trott, he is "not doing Chapter 13 cases." It appears that during the interview, it came to light that the Debtor had $1,400.00 in a savings account and a boat valued at approximately $6,000.00. The Debtor was informed by Trott that he could not keep his savings and should not declare more than $300.00 or $400.00. The Debtor withdrew the funds and placed the balance under his mattress. While there is no direct evidence that this act was done on the advice of Trott, there is no question that Trott told him he would not be able to keep all his savings. Trott advised the Debtor that he could keep his boat only if he "owed money on it." To keep the boat, the Debtor told Trott that he owed money to his brother, which admittedly was untrue.

In completing Schedule C, the exemption Schedule, Trott decided what exemptions would be claimed and under what basis the exemptions were claimed. The Information Sheet filled out by Trott, was signed by Mr. Chamberland, but not his wife, who was also a Petitioner. In fact, the Petition ultimately filed was a joint Petition of the Debtor and his wife as authorized by § 302 of the Code.

It is without dispute that Trott did not sign the Petition or any other documents, and although he furnished the tax I.D. number of the corporation, he did not furnish his Social Security Number. On the Disclosure of Compensation Form required to be filed by Non–Attorneys, he disclosed only the payment of $129.00 by the Debtor. He did not disclose the $125.00 charged and received for expenses and of course, never gave an itemized statement of expenses to the Debtor. The Disclosure Statement included a typed statement that by agreement the fees disclosed did not include "Filing at the Court." Also, the fee charged for photocopies did not disclose the per copy charge, nor the number of copies. It now appears that the Debtors were charged $43.20 for copies, or .30 cents per page; $3.00 for postage; $15.00 for "Mechanical Supplies" (sic); $60.00 for Labor at a rate of $45.00 per hour and 2½ cents for 38 Pages of "Paper."

■ Basically, these are the essential and relevant facts upon which both the Debtors and the Trustee rely to support their contentions that both Paralegal and Trott violated several sub-clauses of § 110 and, therefore, they are entitled to the imposition of fines provided for by the Code. As noted, the Debtors also requested a certification to the District Court for the imposition of additional sanctions pursuant to § 110(i)(1) of the Code, and a referral to the Florida Bar for an investigation of the unauthorized practice of law by Paralegal and/or Trott.

Section 110, entitled "Penalty For Persons Who Negligently or Fraudulently Prepare Bankruptcy Petitions," provides in pertinent part as follows:

(a)(1) "bankruptcy petition preparer" means a person, other than an attorney or an employee of an attorney who prepares for compensation a document for filing (2) "document for filing" means a petition or any other document prepared for filing by a debtor in a United States bankruptcy court or a United States District court in connection with a case under this title.

It cannot be gainsaid that both Paralegal and Trott are "petition preparers" within the meaning of the term used in sub-clause (a)(1). Thus, both Paralegal and Trott are subject to the duties imposed on petition preparers by § 110 of the Code. One of these requirements is set forth in sub-clause (b)(1), et seq., which provides that:

(b)(1) A bankruptcy petition preparer who prepares a document for filing shall sign the document and print on the document the preparer's name and address.

(2) A bankruptcy petition preparer who fails to comply with paragraph (1) may be fined not more than $500 for each such failure unless the failure is due to reasonable cause.

(c)(1) A bankruptcy petition preparer who prepares a document for filing shall place on the document, after the preparer's signature, an identifying number that identifies individuals who prepared the document.

(2) For purposes of this section, the identifying number of a bankruptcy petition preparer shall be the Social Security account number of each individual who prepared the document or assisted in its preparation.

(3) A bankruptcy petition preparer who fails to comply with paragraph (1) may be fined not more than $500 for each such failure unless the failure is due to reasonable cause.

.        .        .        .        .

(f)(1) A bankruptcy petition preparer shall not use the word "legal" or any similar term in any advertisements, or advertise under any category that includes the word "legal" or any similar term.

(2) A bankruptcy petition preparer shall be fined not more than $500 for each violation of paragraph (1).

It is without doubt, that this record furnishes more than ample support for the finding that Paralegal and Trott failed to comply with the requirements set forth in §§ 110(b)(1) and (c)(1); and they violated § 110(f)(1). Thus, the Court may impose the statutory sanctions for each violation, but not more than $500.00 for each violation, unless the failure to comply and the violation were due to "reasonable cause." This record is devoid of any evidence which would warrant the finding of "reasonable cause" and the defense was not asserted.

▮ This leaves for consideration the proper amount of the fine which would be appropriate under the facts established by this record, since this is not the first occasion that Trott and Paralegal have run afoul of the provisions of § 110(a) et seq. Based on the foregoing, this Court is satisfied that a fine of $500.00 for each of the three violations, totaling $1,500.00, is appropriate.

This leaves for consideration, the following additional relief requested by the Debtors and the Trustee: (1) reexamination of the reasonableness of the amount charged by Paralegal and paid by the Debtors for the services and the expenses in connection with this Chapter 7 case; (2) the request to certify the facts to the District Court pursuant to § 110(i)(1); and (3) the request to transmit the record to the Florida Bar with the request to investigate whether Paralegal and/or Trott are engaging in the unauthorized practice of law.

▮ Considering these requests seriatim, this Court is satisfied that while the amount of $129.00 is high for "Typing services," it is not excessive to the extent which would warrant a refund. By the same token, this Court is more than satisfied that all charges made for the so-called expenses are not only excessive, but improper because of a failure to itemize and disclose specifically the expenses on the disclosure statement and also to the Debtors. For this reason, this Court is satisfied that the sum of $125 charged for expenses was improper and must be refunded to the Debtor. This Court is satisfied it is appropriate, however, to make some additional comments concerning these expenses. First, thirty cents a copy for copying charges is grossly excessive since it is common knowledge that one can obtain copies from reliable copying services for less than ten cents a page. In addition, any vague and unspecified expense items such as "labor," which is certainly not an expense item, is unacceptable and inappropriate.

■ Furthermore, the request for certification to the District Court is not warranted and must be denied for the following reasons: The request is made pursuant to § 110(i)(1) which provides inter alia that

(i)(1) If a bankruptcy case or related proceeding is dismissed because of the failure to file bankruptcy papers, including papers specified in section 521(1) of this title, the negligence or intentional disregard of this title or the Federal Rules of Bankruptcy Procedure by a bankruptcy petition preparer, or if a bankruptcy petition preparer violates this section or commits any fraudulent, unfair, or deceptive act, the bankruptcy court shall certify that fact to the district court ...

Neither this case nor any related proceeding involving these Debtors has been dismissed. Based on this record, there is no competent evidence presented either by the Debtors or by the Trustee that Mr. Trott committed fraud in connection with the preparation of the Petition and other documents for the Debtors, nor is there any competent evidence to establish overreaching or gross negligence. Based on the foregoing, this Court is satisfied that the relief sought for certification to the District Court is not supported by this record and therefore it should be denied. Moreover, while this Court did find that violations of § 110 occurred, the fines already imposed for those violations are a sufficient deterrent of any future violations.

■ On the other hand, this Court is satisfied that the request to certify this record to the Florida Bar to conduct an investigation concerning the possible unauthorized practice of law by Paralegal and/or Trott is warranted. Contrary to the disclaimer stated in the Agreement discussed earlier and Trott's protestation that he did nothing but use the Matthew–Bender soft-ware to complete the Petition and the other documents, it was he, not the computer soft-ware, who advised the Debtor and selected Chapter 7 as a proper remedy. The soft-ware did not advise the Debtor that he could keep only $300 to $400 of their savings and retain their boat only if they "owed" on it. In sum, there are sufficient facts in this record which would warrant an investigation.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Debtors' Motion For Examination of Compensation Paid and for Sanctions for the Unauthorized Practice of Law and Violation of Section 110 of the Bankruptcy Code be and the same is hereby granted in part and denied in part. Paralegal Associates, Inc., and Trott jointly and severally be and the same are hereby ordered to refund to the Debtors $125 charged for expenses. Paralegal Association, Inc., and Trott jointly and severally be and the same are hereby ordered to pay the sum of $1,500.00 for violations of 11 U.S.C. § 110(i)(1) to counsel of the Debtors, Mr. Hill, within 30 days from the entry of this Order. In the event such payment is not made, this Court retains jurisdiction to institute such enforcement proceeding as may be appropriate. It is further

ORDERED, ADJUDGED AND DECREED that the Motion for Certification of Fraudulent, Unfair and Deceptive Acts by Bankruptcy Petition Preparer pursuant to U.S.C. § 110(i)(1) be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that the Motion requesting a transmittal of the copy of this order together to the Florida Bar requesting an investigation concerning a possible unauthorized practice of law be and the same is hereby granted and the Clerk shall prepare and transmit the record of this proceeding to the Florida Bar with the request to investigate whether or not Paralegal and/or Trott are engaged in the unauthorized practice of law, within 10 days from the date of the entry of this Order.

DONE AND ORDERED.