In re Danny J. SCHWEITZER and Rachel S. Schweitzer, Debtors.

Donald F. WALTON, Acting United States Trustee, Region 21, Plaintiff,

v.

Fred LEVINSON, individually and d/b/a Bankruptcy Center of Florida, Defendant.

In re Joseph L. PICCIONI and Carmen L. Piccioni, Debtors.

Donald F. WALTON, Acting United States Trustee, Region 21, Plaintiff,

v.

Fred LEVINSON, individually and d/b/a Bankruptcy Center of Florida, Defendant.

In re Larry WARREN and Janice L. Warren, Debtors.

Donald F. WALTON, Acting United States Trustee, Region 21, Plaintiff,

v.

Fred LEVINSON, individually and d/b/a Bankruptcy Center of Florida, Defendant.

In re Logan L. VANKLEECK and Yvette Vankleeck, Debtors.

Donald F. WALTON, Acting United States Trustee, Region 21, Plaintiff,

v.

Fred LEVINSON, individually and d/b/a Bankruptcy Center of Florida, Defendant.

Bankruptcy Nos. 94–05194–3F7, 95–01766–3F7, 95–03222–3F7 and 95–03266–3F7. Adv. Nos. 95–326 to 95–329.

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

May 28, 1996.

Margaret W. Hull, Orlando, Florida, for Plaintiff.

Robert Altman, Palatka, Florida, for Debtors.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

JERRY A. FUNK, Bankruptcy Judge.

These adversary proceedings came on for final evidentiary hearing on the complaints filed by the United States Trustee to Determine Violations of 11 U.S.C. § 110, to Obtain an Injunction, and to Determine Reasonableness of Fee and Require Turnover of Excessive Fee. The defendant, Fred Levinson, individually and d/b/a Bankruptcy Center of Florida, did not file an answer to these complaints. A default was entered against Mr. Levinson in each of the adversary proceedings. Pursuant to Federal Rule of Bankruptcy Procedure 7055 and, by application, Federal Rule of Civil Procedure 55, the United States Trustee filed Motions for Judgment by Default and Request for Evidentiary Hearing. After notice, a final evidentiary hearing was conducted. Upon hearing the evidence presented, the Court enters the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

The defendant in this case, Fred Levinson, was doing business as a preparer of bankruptcy petitions and related documents for filing with the Bankruptcy Court under the name Bankruptcy Center of Florida. Mr. Levinson's last known business address was 4 Cedarwood Court in Palm Coast, Florida 32137. Sometime after being served with the Complaints filed in these cases, Mr. Levinson ceased his business operations and has, apparently, moved from the State of Florida.

While operating his business known as Bankruptcy Center of Florida, Mr. Levinson advertised his bankruptcy services in local *Pennysaver* newspapers (U.S. Trustee's Exhibit 10), under the category "Legal Services." The advertisements quoted included a promise of a free consultation and that "[w]e can come to you." This aspect of the advertisement appealed to prospective debtors because he made the process easy for them; Mr. Levinson would come to their home to gather the necessary information and would conduct all other business with them by mail.

Upon being contacted by a prospective client Mr. Levinson would arrange a meeting at that person's home. He would discuss the bankruptcy process with them and would

take down necessary information to complete their schedules. Specifically, he would help these prospective debtors to list and value their personal property. Furthermore, he would generally take copies of their bills to gather the information regarding account numbers and balances. At this time, he would usually collect his fee from the client, which was usually $200.00, although in the *Piccioni* case a fee of $250.00 was charged. When Mr. Levinson would complete the Statement of Assistance required by Local Rule 2.04(c), he would categorize the fees received as being allocated as follows: $100.00 Bankruptcy Kit; $25.00 Preparation Consultation; and $75.00 for Petition Preparation. Mr. Levinson would also advise the client that they would have to send him a money order, made payable to the United States Bankruptcy Court, for the $160.00 filing fee associated with the filing of a Chapter 7 case so that their case could be filed.

After meeting with his clients, Mr. Levinson would prepare the schedules and statement of financial affairs for these people. The debtors had never seen these forms prior to receiving the completed paperwork from Mr. Levinson. In particular, Mr. Levinson would complete Schedule C—Property Claimed as Exempt for the debtors; the debtors had been asked what property they wanted to "keep" but did not know about claiming exemptions to accomplish that. (U.S. Trustee Exhibit 7). In the *Schweitzer* case, Mr. Levinson had further advised the debtors to transfer non-homestead real property out of their names and to not list that property on their schedules. (U.S. Trustee Composite Exhibit 1).

Mr. Levinson would send completed documents to the client to be executed and returned to him for filing with the bankruptcy court. Sometimes Mr. Levinson provided his clients with copies of the papers filed with the court, but never until after the case was actually filed. In the *Schweitzer* case, the debtors identified errors in the paperwork upon receipt of the paperwork after the case was filed. Upon contacting Mr. Levinson regarding the errors, he informed them that they "needed to file an addendum and that he would come to our home to do the paper

work (sic)." (U.S. Trustee Composite Exhibit 1). Mr. Levinson never contacted the debtors to accomplish that task. In the *Piccioni* case, the debtors, who received their paperwork after their case had been filed, noticed that Mr. Levinson had signed the debtors' names to some of the papers. (U.S. Trustee Composite Exhibit 2).

Mr. Levinson's documents prepared for his clients to be filed with the bankruptcy court generally did not have his name and address printed on the documents nor did he sign these documents. In all but one case, Mr. Levinson failed to place his social security number on the documents he prepared. Furthermore, Mr. Levinson never filed, within ten days after the filing of the petition in each of these cases, a declaration under penalty of perjury disclosing all fees received from or on behalf of the debtor within twelve months immediately prior to the filing of these cases.

After collecting the filing fee from his clients, Mr. Levinson would generally wait three to four months before actually submitting the paperwork and filing a client's bankruptcy case. (U.S. Trustee Composite Exhibit 5 and Exhibit 7). The apparent reason for this delay was the availability of filing fees collected from subsequent clients. For whatever reason, Mr. Levinson did not use the money order submitted by a debtor for that debtor's filing fees. (U.S. Trustee Exhibit Composite Exhibit 2, Composite Exhibit 3, Composite Exhibit 5 and Exhibit 11). The money orders collected from one client were used within a short time of collection, but to file another clients' petition that had, apparently, been prepared months earlier. (U.S. Trustee Composite Exhibit 4, Composite Exhibit 6 and Exhibit 11). In the *Piccioni* case, Mr. Levinson purchased the money order himself to file the debtors' bankruptcy case, after collecting a money order for the filing fee from the debtors. (U.S. Trustee Composite Exhibit 2 and Composite Exhibit 3). The Piccionis' money order had been used three days after its purchase to file another debtor's bankruptcy case. That debtor had signed his petition two and one-half months before it was filed. (U.S. Trustee's Composite Exhibit 4).

In at least two cases, Mr. Levinson had told the debtors, upon submitting all their fees and paperwork, a date for their "court date" (presumably the § 341 meeting date). Testimony from one of the debtors at the evidentiary hearing revealed that Mr. Levinson would not return phone calls from her inquiring about the status of her case as this bogus "court date" came near and the bankruptcy court clerk had confirmed that her case had not yet been filed. In these cases, Mr. Levinson sent letters to the debtors informing them that:

> "[o]ur office had given you a tentative court date for your Bankruptcy hearing. We have been informed that a different court date is going to be assigned, and you will be notified of this date by the Bankruptcy Court in the next few days...."

(U.S. Trustee's Composite Exhibit 5 and Exhibit 7).

Based upon complaints Received from the public regarding Mr. Levinson, The Florida Bar investigated Mr. Levinson and his business practices. The Florida Bar brought a civil action against Mr. Levinson for the unauthorized practice of law. This civil action resulted in The Supreme Court of Florida issuing a permanent injunction whereby

> "[Fred Levinson] is permanently enjoined and restrained from engaging in the acts complained of and from otherwise engaging in the practice of law in the State of Florida...."

(U.S. Trustee's Exhibit 12).

## CONCLUSIONS OF LAW
### I. *VIOLATIONS OF SECTION 110.*

The October 22, 1994 amendments to the Bankruptcy Code added 11 U.S.C. § 110. Section 110 prescribes the penalties and remedies for certain actions of a "bankruptcy petition preparer." Section 110(a)(1) defines a "bankruptcy petition preparer" as a "person, other than an attorney or an employee of an attorney, who prepares for compensation a document for filing." Mr. Levinson qualifies as a petition preparer under this statute.

■ Mr. Levinson violated each of the provisions of § 110 as alleged by the United States Trustee in the Complaints. Mr. Levinson violated the provisions of § 110(f) by advertising in the *Pennysaver* newspaper under the category of "Legal Services." Sanctions are appropriate when a bankruptcy petition preparer uses the word "legal" or any similar term in any advertisements or advertises under a category that includes the word "legal." 11 U.S.C. § 110(f); *In re Chamberland*, 190 B.R. 972, 977 (Bankr.M.D.Fla.1996) (advertising in the classified section of newspaper under legal services).

■ As to all of the cases before this Court, Mr. Levinson collected and received payment from debtors for the court fees in connection with the filing of the petition in their respective cases in violation of § 110(g). A bankruptcy petition preparer shall not collect or receive filing fees from the debtor and sanctions are appropriate if such collection occurs. 11 U.S.C. § 110(g); *In re Cordero*, 185 B.R. 882, 885–86 (Bankr.M.D.Fla.1995); and, *In re Burdick*, 191 B.R. 529, 535 (Bankr. N.D.N.Y.1996).

■ Furthermore, as to all of the cases before the Court, Mr. Levinson committed a fraudulent, unfair or deceptive act in violation of § 110(i). Mr. Levinson's use of the debtors' money orders to file other client's Chapter 7 cases constitutes a fraudulent, unfair or deceptive act. Mr. Levinson's notification of a bogus "court date" when cases had not yet been filed constitutes a further fraudulent, unfair or deceptive act.

Other violations of Section 110 occurred in some respect in each of the cases before the Court, but the same violations did not always occur throughout those cases. This is evidence that Mr. Levinson was aware of Section 110, but did not always choose to follow its provisions.

■ In most of the cases, Mr. Levinson failed to print his name and address as bankruptcy petition preparer on the petition, schedules and statements of financial affairs filed and also failed to sign these documents. These failures constitute a violation of § 110(b). Sanctions for this violation are appropriate unless such failure is due to reasonable cause. 11 U.S.C. § 110(b); *In re Chamberland, supra*, 190 B.R. at 977; *In re*

*Cordero, supra,* 185 B.R. at 885; *In re Burdick, supra,* 191 B.R. at 535; and, *In re Gavin,* 181 B.R. 814, 823 (Bankr.E.D.Pa. 1995). The Court finds no reasonable cause for Mr. Levinson's violations of § 110(b).

 In each of the cases where Mr. Levinson failed to print his name and address on the documents, he also failed to place his social security number after a signature on the documents he prepared in violation of § 110(c). Sanctions are appropriate for the bankruptcy petition preparer's failure to place the preparer's social security number on the document filed with the court, unless such failure is due to reasonable cause. 11 U.S.C. § 110(c); *In re Chamberland, supra,* at 977; *In re Cordero, supra,* at 885; and *In re Burdick, supra,* at 535. The Court finds no reasonable cause for Mr. Levinson's violations of § 110(c).

 Mr. Levinson did not furnish most of the debtors a copy of each document prepared for filing *at the time* such document was presented for debtors' signatures in violation of § 110(d) (emphasis supplied); *see, In re Gavin, supra,* at 823. This sanction can be waived if the failure to comply with § 110(d) is due to reasonable cause. The Court finds no reasonable cause for Mr. Levinson's violation of § 110(d).

 Finally, in one case, Mr. Levinson executed at least one document on behalf of the debtors in violation of § 110(e). Section 110(e) provides for sanctions when the bankruptcy petition preparer executes a document filed with the court on behalf of the debtor.

 Pursuant to 11 U.S.C. § 110, sanctions of up to $500.00 are appropriate for each violation of a provision of this section. The Court finds no basis for leniency and, therefore, will award the maximum sanction for each violation alleged. Although the Court would find grounds to certify these facts to the District Court for an award of additional amounts pursuant to § 110(i), the United States Trustee cannot pursue a motion in the District Court to require Mr. Levinson to pay such an additional award. Section 110(i) only provides such motion can be brought by the debtor, a trustee, or a creditor. As a result, this Court will not certify the fact to the District Court for further consideration of these violations.

A separate judgment will be entered in each case for the appropriate sanctions applicable to the violations of Section 110 in that particular case.

## II. *INJUNCTIVE RELIEF.*

 Pursuant to 11 U.S.C. § 110(j), injunctive relief is appropriate in several scenarios. The Court may enjoin the bankruptcy petition preparer from specific conduct which violates Section 110 or may enjoin the person from acting as a bankruptcy petition preparer. 11 U.S.C. § 110(j)(2)(A) and (B). If a bankruptcy petition preparer has (I) engaged in conduct which subjects a person to criminal penalty (i.e., 18 U.S.C. § 157); (II) misrepresented the preparer's experience or education as a bankruptcy petition preparer; or, (III) engaged in any other fraudulent, unfair, or deceptive conduct, the court may enjoin the bankruptcy petition preparer from engaging in such conduct. 11 U.S.C. § 110(j)(2)(A). If the court finds that a bankruptcy petition preparer had continually engaged in conduct described in § 110(j)(2)(A) and an injunction prohibiting such conduct would not be sufficient to prevent that person's interference with the bankruptcy system, the court may enjoin the person from acting as a bankruptcy petition preparer. 11 U.S.C. § 110(j)(2)(B).

Courts have found that violations of "numerous provisions" of § 110 are indicative of the preparer's unwillingness to change its practices and is a ground for issuance of an injunction. *In re Gavin, supra,* 181 B.R. at 824. Injunctions have also been issued for fraudulent, unfair or deceptive practices. *In re Gavin, id.* (use of "legal" in name, use of deceptive business card, and slow and cumbersome delivery of services constitute fraudulent, unfair and deceptive practices); *In re Stacy,* 193 B.R. 31, 36–37 (Bankr.D.Or.1996) (incorrect information about status of case and alteration or insertion of information on documents without debtor's knowledge constitute fraudulent, unfair or deceptive practices).

Section 110(k) specifically provides that Section 110 shall not be construed to permit unauthorized practice of law by bankruptcy petition preparers. Courts have determined that the unauthorized practice of law by a bankruptcy petition preparer is grounds to issue an injunction against the preparer pursuant to 11 U.S.C. § 110(j). *See, In re Stacy, supra,* 193 B.R. at 38–39; *In re Gavin, supra,* 181 B.R. at 821–23; and, *In re Lyvers,* 179 B.R. 837, 840–842 (Bankr. W.D.Ky.1995). Prior to the enactment of 11 U.S.C. § 110, this Court issued an injunction against a petition preparer or typing service from engaging in the unauthorized practice of law. *See, In re Samuels,* 176 B.R. 616, 628–29 (Bankr.M.D.Fla.1994). The enactment of Section 110 supplemented traditional remedies available to bankruptcy courts to specifically address inappropriate conduct by bankruptcy petition preparers. *In re Gavin, supra,* 181 B.R. at 821.

This Court finds that Mr. Levinson's actions in the cases before this Court constitute grounds to enjoin him from acting as a bankruptcy petition preparer pursuant to § 110(j)(2)(B). Mr. Levinson has violated numerous provisions of § 110 in a consistent manner. Furthermore, an injunction to prohibit Mr. Levinson from acting as a bankruptcy petition preparer is appropriate because he committed fraudulent, unfair and deceptive acts by misusing debtors' money orders to file other clients' Chapter 7 cases and by giving misinformation about debtors' bankruptcy cases. Finally, in light of the injunction entered by the Supreme Court of Florida enjoining Mr. Levinson from the unauthorized practice of law, it would seem appropriate that this Court also issue an injunction to prohibit his unauthorized practice of law in the bankruptcy arena by enjoining Mr. Levinson from acting as a petition preparer.

Courts have varied in the scope of an injunction entered against a bankruptcy petition preparer. Some courts have limited the applicability of the injunction to the district in which the court sits, *see, In re Lyvers, supra,* 179 B.R. at 842; while other courts have issued the injunctions to apply statewide. *In re Stacy, supra,* 193 B.R. at 39

(but also indicating services performed in the state resulting in a bankruptcy case filed outside the state would be covered by injunction). Some courts have found that nationwide injunctions are appropriate. *See, In re Gavin, supra,* 181 B.R. at 825 (warranted because of preparer's egregious unauthorized practice of law and § 110 violations). This Court is not persuaded that a nationwide injunction would be appropriate. The severity of Mr. Levinson's violations of § 110 would, however, warrant a statewide injunction. Therefore, this Court will enter a separate injunction which prohibits Mr. Levinson, individually and d/b/a Bankruptcy Center of Florida, from acting as a bankruptcy petition preparer anywhere in the state of Florida.

### III. *REASONABLENESS OF FEES.*

Mr. Levinson failed to file, in all but one case, within ten days after petitions were filed, a declaration under penalty of perjury disclosing all fees received from or on behalf of the debtor within the twelve months preceding the filing of the case. This constitutes a violation of § 110(h)(1). When the preparer fails to file such disclosure, the court shall disallow and order the immediate turnover of fees found to be in excess of the value of services rendered for the documents prepared. 11 U.S.C. § 110(h)(2); *In re Burdick, supra,* 191 B.R. at 537; *In re Cordero, supra,* 185 B.R. at 886; and, *In re Gavin, supra,* 181 B.R. at 823–24.

Even if a violation of 11 U.S.C. § 110(h)(1) is not found, courts have determined the reasonableness of fees charged by bankruptcy petition preparers and required the disgorgement of excessive fees. *See, In re Chamberland, supra,* 190 B.R. at 977; *In re Samuels, supra,* 176 B.R. at 627–28 (pre-Section 110 case). This Court finds that the value of the services provided to the debtors in these cases was $0.00. Therefore, the fees paid by the debtors to Mr. Levinson were excessive and, pursuant to § 110(h)(2), the Court disallows the entire fee paid in each case and orders the immediate turnover of that fee to the debtors.

A separate judgment shall be entered in each case specifying the amount of the fee

disallowed and subject to immediate turnover.

### PERMANENT INJUNCTION

These adversary proceedings came before the Court upon the complaints filed by the United States Trustee against Fred Levinson, individually and d/b/a Bankruptcy Center of Florida, to Determine Violations of 11 U.S.C. § 110, to Obtain an Injunction, and to Determine Reasonableness of Fee and Require Turnover of Excessive Fee. Upon evidence presented at an evidentiary hearing and in conformity with and pursuant to the Findings of Fact and Conclusions of Law entered contemporaneously herewith, it is

ORDERED that:

1. Pursuant to 11 U.S.C. § 110(j), Fred Levinson, individually and d/b/a Bankruptcy Center of Florida, is permanently ENJOINED from acting as a bankruptcy petition preparer in the Bankruptcy Court of any district within the state of Florida.

2. The Clerk of this Court is directed to refuse to accept any petition or pleading prepared by or submitted by Fred Levinson, whether individually or d/b/a Bankruptcy Center of Florida.

3. The Court reserves jurisdiction to enforce the provisions of this injunction.